## LEON S. PARENT

*v.*

## FLORENCE CALLERAND.

MARRIED WOMEN—*power of, to execute lease on their separate real estate without consent of husband—construction of act of* 1861. The true construction of the act of 1861 is, that, by implication at least, a married woman has power under the statute to make all such contracts in regard to her real estate as may be necessary to its full and complete enjoyment. And under this power she may execute in her own name a lease for a term of years upon any lands which she may own, without her husband joining in the execution or consenting thereto, that will be as binding during coverture as though she were sole and unmarried.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

On the 12th day of January, 1872, before Henry Challenor, a justice of the peace of St. Clair county, Florence Callerand filed her complaint, charging Leon S. Parent with forcibly detaining the possession of twenty-two acres of land situated in said county, belonging to the plaintiff. Upon a trial in the justice's court the defendant was found not guilty. The plaintiff appealed to the circuit court, where, at the March term, 1872, the cause was tried by the court, without a jury, upon an agreed state of facts. The court decided that the defendant was guilty as charged in the complaint, and gave judgment for the plaintiff, awarding a writ of restitution. The defendant brings the record to this court. The agreed state of facts upon which the cause was tried is set forth in the opinion of the court.

Mr. WILLIAM WINKELMAN, for the plaintiff in error.

Mr. R. A. HALBERT, for the defendant in error.

7—64TH ILL.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This cause was tried in the circuit court upon an agreed state of facts, as follows: "Florence Callerand, the plaintiff, on the second day of January, 1871, signed, sealed and acknowledged and delivered to Leon S. Parent, the defendant, a lease in writing, thereby leasing to defendant twenty-two acres of land described in plaintiff's complaint, * * * * for a term of ten years from date of lease, at a rent of fifty dollars annually, and also board and furnished lodgings for plaintiff during the term of said lease, and in default thereof to pay to plaintiff sixty dollars annually in lieu of board and lodging; that at the time of signing, sealing and delivering of said lease, the plaintiff was, and from thence hitherto had remained a married woman, wife of Callerand, to whom she was married since the passage of the act of 1861, and that her husband did not join in the execution of said lease, or consent thereto; that said twenty-two acres of land had been assigned to plaintiff by order of court before the marriage of plaintiff to Callerand, her present husband, as dower in the estate of a former husband; that defendant, on the day and year on which said lease was made, took possession of said twenty-two acres of land, and has been in possession ever since, and has paid part of the rent and offered to pay the remainder as it fell due monthly, but the plaintiff refused to receive it; that default has not been made in the condition of the lease; that plaintiff gave lawful notice to defendant, in accordance with the statute, to quit and deliver up possession of said premises to the plaintiff at the end of the first year, and a legal demand in writing for the possession of said premises of defendant before commencing her suit."

The only point made by counsel is, whether a married woman can execute a lease on her separate real estate for a term of years that will be binding during coverture, without her husband joining in the execution or consenting thereto. We are of opinion that she can.

We attach no importance to the fact that the lease in this instance is under seal and was regularly acknowledged. A lease not under seal or acknowledged would be of equal validity with the one in this record and would be no more and ı o less binding on the defendant in error.

By the act of 1861, it is provided that "all the property, b th real and personal, belonging to any married woman as her sole and separate property,   *   *   * together with a'l the rents, issues, increase and profits thereof, shall, notwithstanding her marriage, be and remain, during coverture, her sole and separate property, under her sole control, and be held, owned, possessed and enjoyed by her the same as though she was sole and unmarried."

This statute makes a marked change in the common law in regard to the separate property of married women. It was doubtless intended to and does confer upon a married woman the right to enjoy the rents and profits of her separate estate independently of and free from any interference on the part o. her husband; and if it shall accomplish this purpose, it m ıst be construed to confer all power necessary to carry into effect the intention of the legislature in its passage. It is not to be supposed that the act of 1861 confers upon married women the power to enter into contracts generally, or that it a ıers the common law in that regard except so far as it may be necessary to effectuate the right conferred, viz: the enjoyment of her separate estate, notwithstanding her marriage, the same as though she was sole and unmarried.

This act, like all other statutes, must have a reasonable construction. A law that confers the right to the enjoyment of her separate estate does not, by mere implication, necessarily confer the power on a married woman to sell and convey her real estate without the consent of her husband, and so it was held in *Cole* v. *Van Riper*, 44 Ill. 58. As was said in that case, "the power to own and enjoy is entirely different from the power to dispose of, and the latter is not necessary to the exercise of the former." The words "hold, own, possess and

enjoy," used in the statute, would seem to imply that the legislature intended to confer with the right the power also to enable a married woman to lease for a time or term of years any lands which she may own in her own right. If she does not possess this power, then indeed she can not own, possess and enjoy her separate estate "the same as though she was sole and unmarried." A state of case might arise in which there would be no way in which she could avail of the rents and profits of her real property unless the law confers the authority to lease the same without the consent of the husband to such leasing. It would be a narrow and illiberal construction of the statute to hold that a married woman must herself cultivate and farm her lands to enable her to appropriate to herself the profits and increase accruing therefrom.

In construing this statute in regard to the rights of married women, it was said by this court, in *Carpenter et al.* v. *Mitchell,* 50 Ill. 470, "if she owns houses she must be permitted to contract for their repair or rental. If she owns a farm she must be permitted to bargain for its cultivation and to dispose of its products."

It is obvious that the legislature, in thus conferring upon a married woman the right to own, possess and enjoy her separate real estate, intended to and did so modify the common law that she could, in her own name and in her own right, contract in regard thereto to effectuate that object. If such was not the case, the provision in her behalf would be a mere barren right, fruitless of any good results. The true construction of the act in question is that, by implication at least, she has power under the statute to make all such contracts in regard to her real estate as may be necessary to its full and complete enjoyment. Under the power thus conferred no reason is perceived why a married woman may not execute in her own name a lease for a term of years upon any lands which she may own, without her husband joining in the execution or consenting thereto, that will be as binding during coverture as though she was sole and unmarried.

It being lawful for her to so contract in regard to her own property, she can not be permitted to retract whenever she may happen to make a disadvantageous bargain. Like other persons, she must abide the consequences of her own contracts in regard to subjects about which it is lawful to contract, and which have been fairly made without any fraudulent practices.

The law will enforce such a contract on her behalf when it is to her advantage to have it done; and if she avails of the benefits, she can not be heard to complain that the courts will enforce a like contract against her.

In the present instance no reason is assigned by the defendant in error why she seeks to rescind the contract, except that it is not binding in law. It appears from the agreed statement of facts that the plaintiff in error had complied in every particular with the terms of the lease, and she could not capriciously repudiate it. It was a contract in regard to her separate property, fairly entered into, and it must be held to be valid in law and binding on both parties.

The judgment finding the defendant in the court below guilty was contrary to the law and the evidence, and must be reversed and the cause remanded.

*Judgment reversed.*