# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

# STATE OF MAINE.

---

HENRY W. PERKINS *vs.* OLIVER B. MORSE.

Franklin.   Opinion December 16, 1885.

*Married woman.   Lease.   R. S., c. 61, § 1.*

The statutory enactment, that a wife cannot, without the joinder of her husband, convey real estate conveyed to her by him, or paid for by him, or given or devised to her by his relatives, does not prevent her legally leasing the premises in her name alone for a term of years.

ON REPORT.

Forcible entry and detainer originally brought in the municipal court of Farmington.   The facts are stated in the opinion.

*H. L. Whitcomb,* for the plaintiff.

*J. C. Holman,* for the defendant.

If the defendant's wife could have leased the premises for two years she could for ninety-nine years.   The lease was a conveyance — a deed.   I rely upon the case of *Call* v. *Perkins,* 65 Maine, 439 ; *Reed* v. *Reed,* 71 Maine, 156 ; R. S., c. 61, §1.   That the

lease was a conveyance I refer to the definitions of the same in 2 Bouvier's Law Dict. 17, 18, 19. See also, Webster's Dict. "Lease."

PETERS, C. J. Real estate directly or indirectly conveyed to a married woman by her husband, or paid for by him, or given or devised to her by his relatives, cannot be conveyed by her without the joinder of her husband; except real estate conveyed to her as security or in payment of a *bona fide* debt actually due to her from her husband. R. S., c. 61 § 1.

In the case before us it appears that a farm, with buildings thereon, was purchased in the name of a wife and paid for fully by her husband. They afterwards separated, now living apart. After the separation, he remaining upon the place, she let it under a sealed lease, in usual form, for two years, on a rent payable annually, to the complainant, who seeks to remove the husband from the possession. The only question presented by the case, is, whether the lease is a conveyance within the meaning of the statute above quoted. It is the opinion of the court that it is not. There is much to sustain such a conclusion.

The word convey or conveyance must refer to an alienation of the estate — a transferrence of the title. It is "real estate" that cannot be conveyed. A lease is personal property. It bargains away a temporary possession, — does not dispose of any fee or title. There is no inhibition against a sale of personal property by the wife alone, although given to her by the husband.

Real estate "conveyed to" a married woman is the property described; "cannot be conveyed by her" are the words to be interpreted. A lease may be in a sense a conveyance, but such is not the commonly accepted nor the accurate meaning of the term. When we say premises are leased we generally mean that the use of them is transferred; and by the term conveyed that the title is deeded. It is a significant fact that the word convey is many times used in the revised statutes, and especially in chapter seventy-three relating to conveyances, and generally, if not at all times, in the sense of an alienation of the title to real estate. The distinction is clearly observed in section eight, which pro-

vides that "no conveyance of an estate, &c. or lease for more than seven years" shall be effectual against third persons unless the deed be recorded.

If the legislature intended that the wife should not lease property acquired by her through her husband, it would have been easy to declare its intention in explicit terms. It is hardly to be supposed that it was left to be implied. A married woman is not limited in the management of her property, however obtained by her. She may control its income, unless she releases it to her husband. How can she manage this property or control its income, when not occupying it, unless she can rent it? The counsel for the defendant argues that if the wife could lease at all, she can lease the farm for ninety-nine years; a lease practically equivalent to a conveyance of title. This argument is quite plausible, but not in our judgment sound. If the wife cannot make a lease for two years, it must be because she cannot lease at all. If the lease is for ninety-nine years, a rent will be presumed to be reserved. It would be different from an absolute conveyance which might result in a waste or loss of the property. If the statute needs amendment the legislature can amend it. We construe it as it stands.

An appeal to the authorities sustains the view advocated by the complainant. Jacob's Law Dictionary gives this as the old common-law definition of the word which is the key to the dispute : "Conveyance is a deed which passes land from one man to another." In *Abendroth* v. *Greenwich*, 29 Conn. 356, a party was to convey a bridge to a town. The court said : "To convey real estate, is, by an appropriate instrument, to transfer the legal title to it from the present owner to another." In *Mayor* v. *Mabie*, 13 N. Y. 151, a question arose as to the meaning of the word conveyance in a statute which provides that "no covenants shall be implied in any conveyance of real estate ; " and it was held that a grant of wharfage for one year was not a conveyance of real estate. In *Tone* v. *Brace*, 11 Paige, 566, it was decided that a lease for a term of years was not, in the ordinary sense of the term, a conveyance of land. In the case of *In re Hunter*, 1 Edw. Ch. 1, it was decided that, where a person was to convey

:an estate, he must transfer " the whole title. " *Mott* v. *Bucknam,* .3 Blatch. 71, decides that a charter-party is not a conveyance of .a vessel, — that it goes to the use and not the title. In *Livermore* ·v. *Bagley*, 3 Mass. 487, it was determined, upon a very learned ·discussion of the question by both bar and court, that the word ·conveyance in the bankrupt law of 1800 referred to a deed of .land, and not to a bill of sale of personal property.

We think the statutory provision under review, should not be ·very generously interpreted for the husband, when the interests ·of third persons are likely to be imperilled thereby. The statute ·is very broad, and in many instances has been a stumbling-block iin the way of innocent purchasers. The expediency of the statute ¡is doubted by many. It adds one more opportunity for a defect ¡in titles which the public records cannot disclose. With what ¡safety or certainty can a purchaser ascertain whether an inter·vening grantor was a married woman when she obtained the ᴇestate ; or whether the estate was paid for by her husband or .herself; or who the husband's " relatives " are or were ; and whether any of them gave her the property ? Complete protection :is attained only by taking no real property from any married ·woman without the joinder of her husband ; and this rule of ·caution would operate harshly against married women who may ·wish to sell property held strictly in their own right.

*Defendant defaulted.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., ·concurred. ·