HANNAH L. BUREN, Appellant, v. W. W. HUBBELL, *et al.*, Respondents.

Kansas City Court of Appeals, November 6, 1893.

1. Covenant for Title: INCUMBRANCES. A covenant against incumbrances is one *in presenti* and if broken at all, the breach occurs at the moment of its creation.

2. ———: ———: LEASE: DAMAGES. A lease of coal under land in an incumbrance and the entire damages are at once to be ascertained and assessed to the convenantee, according to the injury arising from its continuance.

3. ————: ————: MORTGAGE: DAMAGES. Where the incumbrance, such as a mortgage, etc., is of a kind that does not affect the possession of the covenantee, he cannot have more than nominal damages, until he extinguishes the incumbrance and thereby suffers substantial damages.

4. ————: ————: BREACH: EXTINGUISHMENT: RUNNING WITH LAND. Where the incumbrance, such as a lease, easement, etc., is not removable, the breach caused thereby extinguishes the covenant and renders it incapable of running with the land and converts it into a mere right of action, which can be taken advantage of only by the covenantee, or his personal representative, and neither passes to the heir, devisee or subsequent purchaser.

5. ————: ————: MEASURE OF DAMAGES. Where a covenant against incumbrances is broken by the existence of a lease of the coal under the land conveyed, but the coal remains in the natural state and its value is not affected or changed by the lease and the covenantor, while the coal is in such condition, tenders a release from the lessee, the damages are merely nominal

*Appeal from the Grundy Circuit Court.*—HON. LUTHER COLLIER, Special Judge.

AFFIRMED.

*A. H. Burkeholder* and *Geo. Hall*, for appellant.

(1) The first count in appellant's first amended petition distinctly sets out in plain and concise language each of the covenants contained in the deed made by the respondent, the intermediate conveyances to appellant and the breaches thereof, and states a cause of action against the respondent unless the same is barred by limitation. *State ex rel. v. Carroll*, 63 Mo. 156. (2) The demurrer admits the truth of all facts pleaded. *Butler et al. v. Lawson*, 72 Mo. 227–248; *Plant and Seed Co. v. Michel Plant and Seed Co.*, 23 Mo. App. 579. (3) The covenants of quiet enjoyment, for further assurance and of warranty, run with the land, for the protection of the owner in whose time the breach occurs, passes with the estate by descent,

by purchase, or voluntary or involuntary alienation. Rawle on Covenants [5 Ed.], sec. 213, and notes; *Ib.* sec. 204 and note, secs. 210 and 212; *Jones v. Whitsett,* 79 Mo. 188; *Allen v. Kennedy,* 91 Mo. 324. (4) The covenant of seizen is a covenant of indemnity, runs with the land if the covenatee takes any estate however defeasible, or if possession accompanies the deed, and enures to the benefit of the grantee upon whom the loss falls at the time of the substantial breach. Rawle on Covenants [5 Ed.], sec. 211, and notes; Revised Statutes Missouri, 1889, sec. 2402; *Dickson v. Desire's Adm'r,* 23 Mo. 151–159; *Chambers Adm'r v. Smith Adm'r,* 23 Mo. 174–178; *Maguire v. Riggin,* 44 Mo. 512; *Jones v. Whitsett,* 79 Mo. 188; *Allen v. Kennedy,* 91 Mo. 324; *Wyatt v. Dunn,* 93 Mo. 459. The same rule applies to covenants against incumbrances. Rawle on Covenants [5 Ed.], sec. 212 and notes. (5) The statute of limitation does not begin to run until a substantial breach of the covenants occurs. *Chamber's Adm'r v. Smith's Adm'r,* 23 Mo. 174–178; *Cole v. Kimball,* 52 Ver. 639; *Richard v. Butt,* 57 Ill. 38; Revised Statutes, 1889, sec. 2402; *Walker v. Deaver,* 79 Mo. 664; *Dickson v. Desire's Adm'r, supra; Winningham v. Pennock,* 36 Mo. App. 688; *Barnhart v. Hughes,* 46 Mo. App. 318; *Wyatt v. Dunn, supra; Blondeau v. Sheridan,* 81 Mo. 545; *Priest v. Deaver,* 23 Mo. App. 276; *White v. Stevens,* 13 Mo. App. 240; Revised Statutes, 1889, sec. 6774. (6) Respondent could not compel appellant to accept his after-acquired title after suit was brought, the option was in plaintiff to accept or not, and the court erred in giving respondent's instruction number 1, and in refusing to give appellant's instruction number 2. Rawle on Covenants [5 Ed.], secs. 258, 264, 265; *Ib.,* secs. 179, 182, and notes; *Ib.,* secs. 184, 185, and notes; *Nichol v. Alexander,* 28 Wis. 130; *McInis v. Lyman,* 62 Wis.

191; *Tucker v. Clark*, 2 Sandifer Ch. (N. Y.) 96;
*Burton v. Reed*, 20 Ind. 93; *Noonan v. Isley*, 21 Wis.
146; 2 Story's Equity Jurisprudence, sec. 717*a*. Where
there is a partial failure of title or a partial breach of the
covenants, the covenantee is entitled to recover in pro-
portion to the loss sustained. Rawle on Covenants
[5 Ed.], sec. 186 and notes; *Ib.* sec. 187, and notes;
*Lawless v. Collins Exr.*, 19 Mo. 480, Op. 483; *Guthrie
v. Pagsley*, 12 Johns (N. Y.) 126; *Tanner v. Livingston,*
12 Wend. (N. Y.) 83; *Lockwood v. Sturdevant*, 6 Conn.
373; *Morris v. Phillips*, 4 Amer. Dec. 323.

*J. H. Shanklin*, and *Harber & Knight*, for respond-
ent.

(1) The "principal error" of which appellant
complains is the action of the court in sustaining
respondent's demurrer to the first count of the petition.
There was no error in the action of the court in this
respect because:    *First.*   The lease previously made to
the Grundy County Coal Company was a breach of the
covenant against incumbrances, broken as soon as
made, and did not run with the land, and the "right
of substantial recovery accrued" to the said John G.
Hemley, at once, upon the delivery of the deed by
respondent to him, and was not designable. *Kellogg
v. Malin*, 50 Mo. 496; *Kellogg v. Malin*, 62 Mo. 429;
*Taylor v. Heitz*, 87 Mo. 660; *Blondeau et al. v. Sheridan*,
81 Mo. 545–552; Rowle on Covenants, secs. 202 and
212, inclusive [5 Ed.]; Tiedeman on Real Property,
sec. 853; Rawle on Covenants, 251; *Huyck v. Andrews*,
10 Am. St. 432.   *Second.*   There was no assignment
of the cause of action by said John G. Hemley, to
plaintiff, or those under whom she claims. Authori-
ties, *supra*. The measure of damages was the value
of the incumbrance at the date of the Hemley deed,

without reference to the value of the land or purchase money. *Henderson v. Henderson*, 13 Mo. 152, 153; *City of St. Louis v. Bissell*, 46 Mo. 157; *Kellogg v. Malin, supra.* (2) The defendant having secured a deed from the Grundy County Coal Company to plaintiff, of all rights under the lease of April 16, 1873, and thereby perfected plaintiff's title to the lands described in the second count of plaintiff's petition, defendant had the equitable right to compel plaintiff to accept said title and to recover only nominal damages on the second count of her petition, and the court did not err in refusing instruction numbered 2, asked by appellant, and in giving instruction number 1, asked by respondent. *Reese v. Smith, Ex. of Smith*, 12 Mo. 344.

SMITH, P. J.—This is a petition with three counts, the first of which alleges, in substance, that on the fifteenth of March, 1880, the defendant by deed conveyed to John G. Hemley certain real estate containing five and one-half acres, and in the granting clause thereof were the words "grant, bargain and sell;" the deed also contained an express covenant that the defendant was lawfully seized of an indefeasible estate in fee in said premises, and that he had good right to convey the same; that the said premises were free and clear of any incumbrances done or suffered by him or those under whom he claimed, and also the further covenant that the defendant, his heirs and assigns would forever, by said deed, warrant and defend the title to said premises unto the said Hemley, his heirs and assigns, against the lawful claims and demands of all persons whomsoever; that afterwards, on the fourteeth day of May, 1881, the said John G. Hemley by like deed conveyed said real estate to one Samuel H. Bagley; that afterwards on the seventeenth day of

May, 1881, the said Bagley by like deed conveyed said real estate to the plaintiff. For a breach of the covenant contained in the said deed, from defendant to the said John G. Hemley, it is further alleged in said first count that on the fourteenth day of April, 1873, the defendant made, executed and delivered to the Grundy County Coal Company, a corporation, a deed by which he sold and conveyed to said coal company "all the coal and other mineral lying and being under the surface of said real estate so conveyed with the right and privilege to enter said real estate beneath the surface thereof and to mine, utilize and bring to the surface and keep and dispose of absolutely all coal and mineral under the surface and in said real estate at any time within forty-nine years from said date; that there was a large and valuable vein of coal under the entire surface of said real estate, and that afterwards the said coal company under said written instrument, and in violation of the covenants contained in said deed from the defendant to said Hemley and to *plaintiff as assignee,* by force entered upon said real estate and removed therefrom portions of said vein of coal of the value of $1,600, in which amount plaintiff was damaged, etc.

In the second count of the petition it was alleged that the defendant on the eleventh day of May, 1883, by a deed (containing a similar granting clause and covenants to that made by the defendant to Hemley already stated in the first count) conveyed to the plaintiff a certain piece of real estate containing ten acres; that on the fourteenth day of April, 1873, the defendant executed and delivered to the Grundy County Coal Company an instrument in writing by which defendant sold all the coal lying under the surface of said real estate (this being the same lease that is set forth in the first count, and covers the real estate described in both counts, it is unnecessary to set it out again

here).   It was further alleged that said coal company, under said instrument of writing so made to it by defendant, had the right at any time within forty-nine years to enter into the possession of said real estate and dispossess plaintiff of the portion containing coal, etc.; that by reason thereof said coal of the value of $3,000 had become lost to plaintiff, whereby she was damaged, etc.

In the third count it was alleged that, on the eleventh day of May, 1883, the plaintiff purchased of the defendant certain real estate—the same as is described in the second count—which defendant undertook to convey by general warranty deed, but by mistake of the scrivener a different piece was described than that intended; that the plaintiff was delivered the possession of the real estate purchased, and had so continued ever since, making lasting and valuable improvements thereon.   The prayer of the count was for a decree reforming the deed according to the intention of the parties thereto, or to require defendant to execute and deliver plaintiff a sufficient deed for the real estate purchased.

The defendant interposed a demurrer to the first count on the ground that it did not state facts sufficient to constitute a cause of action, which was by the court sustained, and the plaintiff refusing to amend, judgment was given accordingly.

The defendant's answer to the second and third counts was, that the said coal company had never entered on said real estate therein described, or in any manner disturbed plaintiff in the enjoyment thereof, and that the coal therein remained undisturbed; that the defendant had secured from said coal company a good and sufficient deed of release of all rights acquired by said company to said real estate, and that the defendant tendered plaintiff a warranty deed con-

veying to plaintiff a fee simple title thereto. There was a prayer that the court compel the plaintiff to accept the deed, and that the suit abate, etc.

There was a trial on the second and third counts, which resulted in judgment in favor of plaintiff for $1, and from which she has prosecuted her appeal.

I. The plaintiff contends that the objection raised by the demurrer that the petition did not state facts sufficient to constitute a cause of action was not well taken, and ought not to have been sustained by the trial court. The defendant, prior to the time of making the deed to Hemley, executed a lease to the coal company for forty-nine years, and this constitutes the alleged breach of the covenant contained in that deed against incumbrances. It is, too, observed that the suit is not by the covenantee, Hemley, in that deed, but by the plaintiff claiming title through the former under a *mesne* conveyance by deed.

It is the well settled law in this state that a covenant against incumbrances is a covenant *in presenti* and is broken the instant it is made. If the covenant is broken at all, its breach occurs at the moment of its creation; it is that a particular state of things exists at that time, and if this be not true, the delivery of the deed which contains such covenant causes an instantaneous breach.

Where the incumbrance is of such a character that cannot be extinguished, such for example as an easement or servitude, an existing lease and the like, in such cases the entire damages are at once to be ascertained and assessed to the covenantee, according to the injury arising from its continuance. But where the incumbrance is a mortgage, judgment or tax lien, and is of a kind that does not effect the possession of the covenantee, he may pay off the same and free the premises. When, therefore, the encumbance is of the

former class, the entire damage should be at once assessed, for there is no way of removing it by purchase while it exists, but in case of an encumbrance of the latter class, the covenantee cannot have more than nominal damages until he extinguishes the incumbrance and thereby suffers substantial damages. It was ruled in *Winningham v. Pennock*, 36 Mo. App. 688, and *Barnhart v. Hughes*, 46 Mo. App. 318, that covenants against this latter class of incumbrances run with the land and remain alive in the hands of a subsequent grantee who may be compelled to extinguish a pre-existing encumbrance, for it is the substantial breach which occurs for which he may sue on the covenant for the damages he has sustained. *Dickson v. Desire's Adm'r*, 23 Mo. 151.

Where the encumbrance is of the former class, the breach extinguishes the covenant and renders it incapable of running with the land. The covenant is turned into a mere right of action which can be taken advantage of only by the covenantee or his personal representative, and neither pass to an heir, devisee, nor subsequent purchaser. *Blandeau v. Sheridan*, 81 Mo. 545; *Kellogg v. Malin*, 62 Mo. 429; *Taylor v. Hutz*, 87 Mo. 545; *Kellogg v. Malin*, 50 Mo. 496. The breach which plaintiff has in her petition alleged, extinguished the covenant, and therefore it was incapable of running with the land. It was merged into a right of action in Hemley, the covenantee, and could not be taken advantage of by a subsequent purchaser claiming by deed from him. The entry by the coal company under the lease constituted no breach of the covenant in question, for, as we have seen, there had been a breach of that covenant committed at the instant the deed was made, which breach had extinguished the covenant by converting it into a new right of action in the cove-

nantee.    The right of substantial recovery in this case, which accrued at the instant the deed was made, set the statute of limitations in motion.    It inevitably follows from these considerations that the trial court did not err in sustaining the defendant's demurrer to the first count of plaintiff's petition.

II.    At the trial, the court, at the instance of the defendant, over the objection of the plaintiff, gave this instruction:    "Even though the finding should be for plaintiff, yet if the court find from the evidence that the coal, if any there was or is under said lands at the time of the institution of this suit, and at all times prior, was and now is in its natural state, and that its value, if any it has or had, has not been affected or changed, and further finds from the evidence that on the twenty-third day of November, 1891, defendant received from the Grundy County Coal Company the deed read in evidence releasing and conveying to him the coal and mineral under said lands, and that at said time said coal company released and conveyed to defendant all its interest in said lands and that thereafter and on the twenty-third day of November, 1891, defendant made and tendered the conveyance read in evidence, to plaintiff, then the finding cannot be for plaintiff for more than nominal damages."

The trial court did not err in giving this instruction.    There was evidence adduced tending to support its hypothesis.    The measure of damages it announces is fully in accord with that declared in *Reese v. Smith*, 12 Mo. 345, where the facts are very much as here. The ruling in that case disposes of this branch of the plaintiff's appeal.

The judgment must be affirmed.—All concur.