## KOKOMO NATURAL GAS AND OIL COMPANY *v.* MATLOCK.

[No. 22,108.   Filed March 6, 1912.]

1. MINES AND MINERALS.—*Contract.—Action.—Complaint.—Matter of Defense.*—In an action on a contract granting the right to explore for gas and oil for a compensation to be paid by defendant annually after the first year until the completion of a well on the premises, the complaint need not allege that a well had been completed, since the completion of a well would be matter of defense as to so much of the complaint seeking compensation thereafter. p. 227.

2. HUSBAND AND WIFE.—*Wife's Separate Estate.—Contracts.— Lease of Wife's Land.—Joinder of Husband.*—Pursuant to §§7852, 7853 Burns 1908, §§5116, 5117 R. S. 1881, giving to a married woman the control of her land and the right to the rents and profits therefrom, the same as if unmarried, she has the power to lease her land for a term of years without her husband joining in such lease. p. 228.

3. MINES AND MINERALS.—*Gas and Oil Leases.—Landlord and Tenant.—Relationship Does Not Apply.*—The rules applying to the relation of landlord and tenant do not apply to a contract granting the right to explore land for oil and gas. p. 229.

4. HUSBAND AND WIFE.—*Wife's Separate Estate.—Gas and Oil Lease.—Joinder of Husband.—Incumbrance.*—The contract of a married woman, in which her husband did not join, granting to another the right to explore her land for oil and gas "for the period of five years, with the privilege of a further period of five years for the same purpose and upon the same terms, and as much longer as gas and oil may be found in paying quantities," is valid and is not an encumbrance or conveyance of her land within §§7852, 7853 Burns 1908, §§5116, 5117 R. S. 1881. p. 230.

5. MINES AND MINERALS.—*Action on Gas and Oil Lease.—Possession.*—In an action to recover on a contract granting the right to explore land for oil and gas for a compensation to be paid annually until the completion of a well, it need not be shown that defendant ever took or held possession of the land under such contract. p. 230.

From Tipton Circuit Court; *Leroy B. Nash*, Judge.

Action by Elizabeth Matlock against the Kokomo Natural Gas and Oil Company. From a judgment for plaintiff, the

VOL. 177—15

defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Bell & Purdum* and *W. O. Johnson,* for appellant.

*Joseph C. Herron, Oglebay & Oglebay,* for appellee.

MONKS, J.—Appellee brought this action against appellant upon a written contract, to recover the compensation provided therein for the right to explore 112¼ acres of land for natural gas and oil. Trial by the court and judgment for appellee.

The errors assigned call in question the action of the court in overruling appellant's demurrer to the complaint and the motion for a new trial.

The written contract sued on was entered into by appellee with one Forehand, granting to him the exclusive right to explore the land, therein described, belonging to her "for natural gas and oil, for the period of five years, with the privilege of a further period of five years for the same purpose and on the same terms, and as much longer as gas and oil may be found in paying quantities," the second party, Forehand, to pay the party of the first part compensation at the rate of fifty cents an acre annually after the expiration of the first year, "until the completion of a well on said premises which shall, in his opinion, produce gas in sufficient quantities to justify said second party in marketing said gas." The contract then provides what compensation shall be paid after a well is completed. Said payments are to be due and payable semiannually, on January 1 and July 1. The second party is to have the right to cancel and end the contract at any time. "All conditions and rights between the parties hereto shall extend to their heirs, executors and assigns." On February 4, 1905, said Forehand assigned said contract to the Indiana Northern Oil and Gas Company, and said corporation afterward assigned said contract to appellant. Appellant afterward, on June 24, 1908, can-

celed said contract, as it had the right to do under the terms thereof.

Appellant insists that the complaint was insufficient, because it was not alleged therein that "neither appellant nor its immediate or remote assignor had drilled or completed any well upon said land."

It will be observed that the compensation to be paid was fifty cents an acre annually after the first year until a well had been completed, as provided in the contract. If any such well had been completed by appellant or its assignors, that was a matter of defense as to so much of the complaint as sought to recover the compensation of fifty cents an acre annually thereafter. In an action on a contract by which the defendant is to pay the consideration only until the doing of some act by the defendant or other person—as completing a well—the plaintiff is not required to aver that the act has not been done or the contingency has not happened. That is a matter of defense to be set up by the defendant. 1 Chitty, Pleading (14th Am. ed. by Perkins) *321; 1 Chitty, Pleading (16th Am. ed. by Perkins) *246; Gould, Pleading (5th ed.) §§17, 19; 9 Cyc. 727; 1 Abbott, Trial Briefs (Pleading) (2d ed.) §182; *Root* v. *Childs* (1897), 68 Minn. 142, 146, 70 N. W. 1087; *Wooters* v. *International, etc., R. Co.* (1881), 54 Tex. 294; *Redman* v. *Aetna Ins. Co.* (1880), 49 Wis. 431, 435-442, 4 N. W. 591; *Griswold* v. *Scott* (1853), 13 Ga. 210, 214.

The second error assigned by appellant is the overruling of the motion for new trial, on the ground that the finding of the court was not supported by sufficient evidence and was contrary to law. It is contended that the contract on which appellee sued "was void, for the reason that appellee, being a married woman, was prohibited by statute from conveying or encumbering her land unless her husband had joined in such conveyance or encumbrance." The question presented is whether this contract for exploring her land for natural

gas and oil for five years, with the privilege of renewal, was a conveyance or encumbrance of said land within the meaning of the statute.

Section 7852 Burns 1908, §5116 R. S. 1881, provides that "no lands of any married woman shall be liable for the debts of her husband; but such lands, and the profits therefrom, shall be her separate property, as fully as if she were unmarried: Provided, that such wife shall have no power to encumber or convey such lands, except by deed in which her husband shall join."

Section 7853 Burns 1908, §5117 R. S. 1881, provides that "a married woman may take, acquire and hold property, real or personal, by conveyance, gift, devise or descent, or by purchase with her separate means or money; and the same, together with all the rents, issues, income and profits thereof, shall be and remain her own separate property, and under her own control, the same as if she were unmarried."

Where a married woman is given by statute the right to the rents, issues, income and profits of her land and is given the control of the land, the same as if unmarried, it

2. is evident that she has the power to lease her land for a term of years, without her husband joining in such lease. In Illinois a statute similar to §7853, *supra,* has been construed to mean that a married woman may lease her separate property for a term of years without the consent of her husband, and such a lease for a period of ten years was held binding. *Parent* v. *Callerand* (1872), 64 Ill. 97; 21 Cyc 1501.

It has been held in this State that a lease of real estate for years is personal property, and passes to the personal representative of the lessee and not to his heirs. *Shiply* v. *Smith* (1904), 162 Ind. 526, 528, 529, 70 N. E. 803, and cases cited.

It has also been held under §§7852, 7853, *supra,* that a lease by a married woman of her lands, for the purpose of cultivation, for a term not exceeding three years, is not an

encumbrance or conveyance within the meaning of this statute, and that it was not essential to the validity of the lease that the husband join in the execution thereof. *Shiply* v. *Smith, supra; Pearcy* v. *Henley* (1882), 82 Ind. 129; *Nash* v. *Berkmeir* (1882), 83 Ind. 536.

Appellant contends, on the authority of these cases, that a contract by a married woman for exploring her land for natural gas and oil, in which her husband did not join, and which runs for a term longer than three years, is an encumbrance under the statute, and therefore void. Said cases do not sustain this contention. While they sustain leases made by a married woman of her lands for three years where her husband did not·join therein, they do not hold that such a lease so executed would be void if for a longer period than three years.

It has been held by this court that the rules applying to the relation of landlord and tenant have no application to a contract like the one in this case. *Hancock* v. *Diamond Plate Glass Co.* (1904), 162 Ind. 146, 153, 70 N. E. 149; *New American Oil, etc., Co.* v. *Troyer* (1906), 166 Ind. 402, 412, 76 N. E. 253, 77 N. E. 739; *Dill* v. *Fraze* (1907), 169 Ind. 53, 57, 79 N. E. 971.

In *Heal* v. *Niagara Oil Co.* (1898), 150 Ind. 483, 50 N. E. 482, the contract was executed by a married woman—Mrs. Swan—her husband not joining therein, giving the exclusive right of prospecting and exploring for gas and oil on her land, and was substantially the same as the contract sued on in this case, except that the provisions in regard to the term were "for the term of one year and as much longer as oil and gas is found in paying quantities, thereon or the rental paid by lessee. * * * If no well·be completed on the above-described premises within six months from the date hereof, then this lease shall become null and void, unless the lessee shall thereafter pay for the further delay at the rate of $80 a year until a well shall be completed." The court held on page 486 that the contract only gave the right

of prospecting and exploring for natural gas and oil, and that Mrs. Swan, the married woman who executed the contract, parted with "no immediate title or estate," and that any "title or estate which may be contemplated remained inchoate and of no effect until the gas or oil is found. * * * For the purpose of prospecting, such leases involve a mere use, and part with no greater interest in the freehold than the ordinary agricultural lease. We have here no question of the effect of the instrument of Mrs. Swan to carry a freehold estate, the question being as to the validity of the lease to the appellees in vesting the exclusive right of prospecting or operating for gas and oil. For such purpose we do not doubt the power of Mrs. Swan to lease without her husband joining." *New American Oil, etc., Co.* v. *Troyer supra.*

In this case, no well was ever completed, and the contract under which appellant had the right to explore said real estate for natural gas and oil was canceled by appellant on June 24, 1908. Appellant canceled said contract according to the provisions thereof. Upon the authority of *Heal* v. *Niagara Oil Co., supra,* we hold that the contract sued on in this case was not an encumbrance or conveyance of appellee's land, and was valid, although her husband did not join therein.

The mere fact that such a contract gives five years, with the privilege of renewal for prospecting and exploring for natural gas and oil, does not make it any more an encumbrance or conveyance than if it were for a period less than three years.

It is contended by appellant that the finding of the court is not sustained by sufficient evidence, because it was not shown that appellant ever took or held possession of said land under said contract. It is not material whether appellant or its assignors took or held possession of said land. It may be, as the contract sued on is not a lease and the relation of landlord and tenant did not

exist between appellant and appellee, that unless there was a beneficial use or occupation of the land by appellant no action could be maintained on an implied agreement to pay. *Dill* v. *Fraze, supra,* 57. This, however; is not an action on an implied agreement but on an express contract to pay fifty cents an acre annually, not as rent, but as compensation for the delay. As long as said contract was in force appellant had the right to enter on said land and prospect for natural gas and oil, and it is liable for the compensation fixed in said contract for such right, to the date said lease was canceled.

In *Hancock* v. *Diamond Plate Glass Co., supra,* where no possession had been taken, this court said: ''On the part of the company, it agreed, in equally certain terms, to give appellants for the valuable concession, a supply of free gas for domestic use, and pay them $20 in cash, not for one year, but for every year that might elapse before it made a well on the premises, and thereafter $100 per annum for each well. As we have seen, the company has not bound itself to construct a gas well on appellants' land within any specified time; but so long as natural gas continues in general use for manufacturing purposes it has bound itself to pay the annual sum of $20 until it does make such a well. The parties themselves have agreed upon the thing to be done, and the exact amount to be paid when done, and for the delay in the doing of it, and we cannot look beyond the agreement. It is not to be supposed for a moment that either party understood when the contract was entered into that the company was to have these valuable and continuing rights without rendering to appellants what was deemed to be a coequal, valuable, continuing consideration. Nor is it to be doubted that it was the mutual understanding that, as long as the company excluded others from mining the gas on appellants' land, it should be liable for the sum it agreed to pay for the right to do so. We must so view the agreement, because in accord with the plain, simple meaning

of its terms, and in harmony with a proper sense of fairness and natural justice."

Finding no error, the judgment is affirmed.

NOTE.—Reported in 97 N. E. 787 and reported and annotated in 39 L. R. A. (N. S.) 675. See, also, under (2) 78 Am. Dec. 226; (3) 27 Cyc. 690, 722; (4) 21 Cyc. 1502; (5) 27 Cyc. 728. For a discussion of a mining lease as a sale of land, see 9 Ann. Cas. 524.