## SPIRO *v.* ROBERTSON.

[No. 8,457. Filed November 19, 1914.]

1. PLEADING.—*Demurrer.—Grounds.—Waiver.*—Under §344 Burns 1914, Acts 1911 p. 415, objections to the sufficiency of a complaint are waived, if not pointed out in the memorandum accompanying the demurrer. p. 231.

2. LANDLORD AND TENANT.—*Lease.*—A lease of real estate is a contract by which, ordinarily the owner divests himself of the possession and use of his property, in favor of the lessee, upon a valid consideration, for a definite term. p. 234.

3. PROPERTY.—*Personal Property.—Lease.*—A lease of real estate for years is personal estate, and passes to the personal repre-

sentative of the lessee, upon his death intestate, and not to his heirs. p. 234.

4. HUSBAND AND WIFE.—*Conveyance by Wife.*—*"Incumbrance".*— *"Conveyance".*—*Power to Lease.*—A lease is not an "incumbrance" or "conveyance" within §7852 Burns 1914, §5116 R. S. 1881, providing that a married woman shall have no power to incumber or convey her lands, except by deed in which her husband shall join; hence a married woman may execute a valid lease for a greater period than three years without her husband joining therein. p. 235.

From St. Joseph Superior Court; *Vernon W. Van Fleet,* Judge.

Action by Samuel Spiro against George A. Robertson. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Anderson, Parker, Crabill & Crumpacker,* for appellant.

*Frank E. Osborn, Wm. A. McVey, Lee L. Osborn* and *Romig & Miller,* for appellee.

FELT, C. J.—This is a suit for possession of real estate. The only error assigned is the sustaining of appellee's demurrer for want of facts to appellant's complaint. The complaint is in one paragraph and alleges in substance that appellant is now the owner in fee simple of certain real estate, describing it, and of the buildings thereon; that on October 21, 1905, Calista S. Stover was the owner in fee simple of the real estate and on that day executed a lease therefor to Robertson Brothers Company, for a stipulated rental of $1,800 per year, for the term of ten years from November 1, 1905, with the privilege of certain extensions up to five years; that said Calista S. Stover died testate on March 11, 1910, and her will was duly probated at St. Joseph County, Indiana, and Robin Ernest Dunbar as executor of her said will on March 13, 1911 duly conveyed the real estate to Meyer Seeberger who in turn and on the same day conveyed the real estate to appellant, Samuel Spiro; that each of said conveyances was made subject to said lease; that at the time the lease was executed Calista S. Stover

was a married woman, the wife of one David Stover; that after appellant became the owner of said real estate, as aforesaid, on July 19, 1911, he caused to be served upon said Robertson Brothers Company a notice requiring said company to deliver up to him on November 1, 1911, the expiration of the current year of said tenancy, the possession of said premises; that thereafter, but at what time appellant can not state for want of information, the appellee, George A. Robertson, received the possession of said premises from Robertson Brothers Company and now has and holds possession thereof; that such possession since November 1, 1911, has been, and is, unlawful and without right; that said George A. Robertson now wrongfully and unlawfully holds, and wrongfully keeps and still retains, the possession of said premises from the appellant, all to the appellant's damage in the sum of $700. Prayer for possession of the premises and for damages.

The memorandum accompanying the demurrer to the complaint is in substance as follows: (1) The complaint does not show or allege that any demand was made on appellee for possession of said real estate before filing the complaint; (2) that it does not show or allege such facts as would entitle him to the advantage or benefit of the coverture of Calista S. Stover at the time of the execution of the lease mentioned in the complaint; (3) that it shows that appellant took his conveyance of said real estate subject to the lease set out in the complaint, and does not show or set out any facts which show that he should not be bound by it: and (4) it does not show or set out such facts as would show that the lease set out in the complaint is either void or invalid, or not binding upon him. Other defects, if any, are waived. §344 Burns 1914, Acts 1911 p. 415; Stiles v. Hasler (1914), 56 Ind. App. 88, 104 N. E. 878.

The complaint shows that the lease had been in force for six years at the date on which appellant sought by his no-

tice to obtain possession of the leased premises. It also sets out the lease and shows appellee's possession of the premises in pursuance of its provisions. The demurrer, therefore, was evidently sustained on the theory that the complaint itself shows appellee's possession to have been lawful as against the claim of appellant. This presents the validity of said lease and of its binding effects on appellant to whom the real estate was conveyed subject thereto.

Appellant contends that the lease is void, because it was executed by a married woman without her husband joining in its execution, and in support of his contention cites, §§3947, 3992, 7852 Burns 1914, §§2919, 2956, 5116 R. S. 1881. Section 3947, *supra,* provides that: "Conveyances of land or of any interest therein, shall be, by deed in writing, subscribed, sealed, and duly acknowledged by the grantor or by his attorney, except *bona fide* leases for a term not exceeding three years." Section 3992, *supra,* is as follows: "All instruments of writing of and concerning lands, or concerning any interest therein, except last wills and testaments, leases for a term not exceeding three years, and executory contracts for the sale and purchase of land, shall be deemed a conveyance within the provisions of this act, so far as such provisions apply to the acknowledgment or proof of the same, the recording thereof, and the force and effect of such recording." Section 7852, *supra,* provides that: "No lands of any married woman shall be liable for the debts of her husband; but such lands and the profits therefrom, shall be her separate property, as fully as if she were unmarried: *Provided,* That such wife shall have no power to encumber or convey such lands, except by deed in which her husband shall join." Section 7853 Burns 1914, §5117 R. S. 1881, provides: "A married woman may take, acquire and hold property, real or personal, * * * and the same, together with all rents, issues, income and profits thereof, shall be and remain her own separate property, and under her own control, the same as if she were unmarried.

\* \* \* but she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same unless her husband join in such contract, conveyance or mortgage.'' Section 3963 Burns 1914, Acts 1897 p. 162, also provides: ''That every lease of real estate for a longer period than three years shall be recorded in the miscellaneous record, in the recorder's office of the county in which such lands shall be situated, and every lease for a longer period than three years,. not so recorded within forty-five days from the execution thereof, shall be void as against any subsequent purchaser, lessee, or mortgagee, in good faith, and for a valuable consideration.''

We are called upon to determine whether the lease in question was a conveyance of, or an encumbrance upon, the real estate within the meaning of the statute providing that a married woman shall have no power to encumber or convey her lands except by deed or mortgage in which her husband joins. The question as presented here has not been decided in Indiana and the decisions of the courts in other states having statutes similar to ours are divided upon the question. Some hold that she has such power and that to deny her the right to lease her property would be to nullify the statutes providing that the lands of a .married woman, and the profits therefrom, shall be her separate property, as fully as if she were unmarried. The leading cases supporting the right of the wife to lease her real estate without her husband joining in the execution of the instrument, are as follows: *Parent* v. *Callerand* (1872), 64 Ill. 97; *Sullivan* v. *Barry* (1884), 46 N. J. L. 1, 5; *Perkins* v. *Morse* (1885), 78 Me. 17, 2 Atl. 130, 57 Am. Rep. 780; *Lyles* v. *Clements* (1873), 49 Ala. 445, 448; *Lockwood* v. *Middlesex Mut. Assur. Co.* (1880), 47 Conn. 553, 559; *Vandevoort* v. *Gould* (1867), 36 N. Y. 639, 642. Among the decisions tending more or less to support the view that a lease is a conveyance or an encumbrance within the meaning of our statutes aforesaid, and that a lease of the wife's real estate in which her

husband has not joined is either void or voidable, we cite the following: *Buchanan* v. *Hazzard* (1880), 95 Pa. St. 240, 243; *Melley* v. *Casey* (1868), 99 Mass. 241; *Dority* v. *Dority* (1903), 96 Tex. 215, 71 S. W. 950, 60 L. R. A. 941; *Buren* v. *Hubbell* (1893), 54 Mo. App. 617, 624. It should be noted however, that the decisions, above referred to, show conditions that impair their value as authority on the question here involved. In the Pennsylvania case the court was considering a deed which it was claimed ratified a lease previously made by the wife and in the execution of which the husband had not joined. In the Massachusetts and Texas cases the decisions are controlled by statutes which forbid the execution of a lease by a wife of her separate real estate for a longer period than one year without her husband joining in its execution. In the Missouri case the question arose over the alleged breach of a warranty against encumbrance based on a prior lease for forty-nine years of the coal under the land conveyed.

Some decisions hold a lease to be an encumbrance in the sense that an existing lease on property conveyed constitutes a breach of the covenant in the deed against encumbrances. *Clark* v. *Fisher* (1894), 54 Kan. 403, 38 Pac. 493; *Fritz* v. *Pusey* (1884), 31 Minn. 368, 369, 18 N. W. 94. A lease of real estate is a contract by which, ordinarily the owner divests himself of the possession and use of his property, in favor of the lessee, upon a valid consideration, for a definite term. *Heywood* v. *Fulmer* (1892), 158 Ind. 658, 659, 32 N. E. 574; *New American Oil, etc., Co.* v. *Troyer* (1906), 166 Ind. 402, 410, 76 N. E. 253, 77 N. E. 739; *New York, etc., R. Co.* v. *Randall* (1885), 102 Ind. 453, 457, 26 N. E. 122. A lease of real estate for years is personal estate, and passes to the personal representative of the lessee, upon his death intestate, and not to his heirs. *Shipley* v. *Smith* (1904), 162 Ind. 526, 528, 70 N. E. 803.

It has been held in this State that a wife may lease her

separate property for a term of three years or less, without her husband joining in the lease, and that a parol

4. lease for five years, made by a wife, of her real estate, without her husband's concurrence, may be enforced against the lessee holding possession thereunder for the collection of the rent stipulated in the parol agreement, rather than for the reasonable rental value of the premises, and that such contract will control except that the holding of the premises under such circumstances is from year to year and not for the stipulated term. *Nash* v. *Berkemeir* (1882), 83 Ind. 536, 538; *Pearcy* v. *Henley* (1882), 82 Ind. 129, 132; *Heal* v. *Niagara Oil Co.* (1898), 150 Ind. 483, 486, 50 N. E. 482; *Shipley* v. *Smith, supra.* A lease by a married woman, without her husband joining therein, of her lands to a gas and oil company for a period of five years with renewal privileges, has been held valid, and not an encumbrance or conveyance of the land within the meaning of the statute prohibiting a married woman from encumbering or conveying her lands except by deed or other instrument in the execution of which her husband has joined. *Heal* v. *Niagara Oil Co., supra; Kokomo Nat. Gas, etc., Co.* v. *Matlock* (1912), 177 Ind. 225, 97 N. E. 787, 39 L. R. A. (N. S.) 675, notes. A distinction between gas and oil leases and ordinary leases of real estate for other purposes has been recognized because the nature and character of oil and gas is such that no property interest therein can be claimed or transferred until the oil or gas is reduced to possession. It has been held therefore that such leases only give the right to explore and operate on the premises on terms agreed upon by the parties thereto. *Heller* v. *Dailey* (1902), 28 Ind. App. 555, 561, 63 N. E. 490; *New American Oil, etc., Co.* v. *Troyer, supra; Hancock* v. *Diamond Plate Glass Co.* (1904), 162 Ind. 146, 153, 70 N. E. 149; *Kokomo Nat. Gas, etc., Co.* v. *Matlock, supra,* 229. While recognizing the difference between gas and oil leases and other leases of real estate the Supreme Court in *Kokomo Nat. Gas, etc., Co.* v.

*Matlock, supra,* 228, 230, in holding valid a gas and oil lease for more than three years executed by a married woman without her husband joining in its execution, did not rest the decision on such distinction alone, but based it on the proposition that our statutes giving a married woman the control and profits of her real estate would be nullified if she could not lease her real estate without the concurrence of her husband, and in discussing the question said: "Where a married woman is given by the statute the right to the rents, issues, income and profits of her land and is given the control of the land, the same as if unmarried, it is evident that she has the power to lease her land for a term of years, without her husband joining in such lease. In Illinois a statute similar to §7853, *supra,* has been construed to mean that a married woman may lease her separate property for a term of years without the consent of her husband, and such a lease for a period of ten years was held binding. *Parent* v. *Callerand* (1872), 64 Ill. 97; 21 Cyc. 1501. * * * Upon the authority of *Heal* v. *Niagara Oil Co., supra,* we hold that the contract sued on in this case was not an encumbrance or conveyance of appellee's land, and was valid, although her husband did not join therein. The mere fact that such a contract gives five years, with the privilege of renewal for prospecting and exploring for natural gas and oil, does not make it any more an encumbrance or conveyance than if it were for a period less than three years."

While a lease may be and is in a sense an encumbrance on real estate, and is in another sense the conveyance of an interest in real estate, yet each of said words has a distinct meaning and when speaking of a lease we do not ordinarily impart the idea either of a conveyance or of an encumbrance of real estate. In *Sullivan* v. *Barry, supra,* 5, the supreme court of New Jersey in considering a statute similar to ours said: "But neither the word 'convey' nor 'encumber' according to its ordinary signification, is expressive of the act of creating a tenancy for years in lands. The for-

mer of the terms is appropriate to the transfer of a title to a freehold, the latter to putting the property in pledge for a payment of money. That the word 'conveyance' does not, when standing without assistance in a statute, signify its applicability to the passing of a chattel interest in realty is clearly indicated in the cases of *Kinney* v. *Watts* [1835], 14 Wend. 38, and *Tone* v. *Brace* [1841], 8 Paige 596, 598. Nor is the word 'encumber' in common usage, given so wide a scope as was in this argument sought to be put upon it. If it were said that a man had encumbered his land, no one, from such an intimation, would understand that such a person had put it to lease. It may be that an existing demise would operate as a breach of a covenant against encumbrances, but that would be the result of ascribing to the word a technical meaning, and there is no reason to suppose that the word was used in this legislative act in such artificial sense. Indeed the general purpose and spirit of the law will harmonize only with the word when it is given its ordinary and not its technical meaning. The leading object of the statute is to give the married woman her property, both real and personal, as though she were a *feme sole*, and to clothe her with all the rights and authorities requisite for its possession, enjoyment and disposition, and it is indisputable that she is to have the exclusive use and benefit of her realty as though she had no husband. The limitation upon this right is that she can not convey it, nor can she put a mortgage or a similar burthen upon it without the cooperation of her husband. But the right to the use of it is unfettered, and it is not possible for her to exercise such right, in many instances, in any beneficial manner, unless she has the capacity to put it to rent. It would be a most violent presumption that the legislature meant to say that she should be permitted to occupy and cultivate her lands in person, independently of the consent of her husband, but that she should not, in the absence of such concurrence, turn them to profit through a renting in the ordinary mode.''

In *Perkins* v. *Morse, supra,* the supreme court of Maine on page 19 said "If the legislature intended that the wife should not lease property acquired by her through her husband, it would have been easy to declare its meaning in explicit terms.    It is hardly to be supposed that it was left to be implied.    A married woman is not limited in the management of her property, however obtained by her.    She may control its income, unless she releases it to her husband. How can she manage this property or control its income, when not occupying it, unless she can rent it?    The counsel for the defendant argues that if the wife could lease at all, she can lease the farm for 99 years; a lease practically equivalent to a conveyance of title.    This argument is quite plausible, but not in our judgment sound.    If the wife can not make a lease for two years, it must be because she can not lease at all.    If the lease is for 99 years a rent will be presumed to be reserved.    It would be different from an absolute conveyance, which might result in a waste or loss of the property.    If the statute needs amendment, the legislature can amend it.    We construe it as it stands."

From a full consideration of our statutory provisions it is apparent that in providing that a married woman can not convey or encumber her separate real estate, except by deed in which her husband joins, the legislature used the words "convey" and "encumber" in their usual and ordinary sense and application and not in any technical sense that may be held to include a lease of the wife's real estate. The right to hold, use and control her separate real estate and to receive and enjoy the proceeds thereof is clearly granted and should not be cut down or limited by any implied or technical meaning, or application of the words "convey" and "encumber".    If the legislature intended to require the concurrent act of the husband with the wife in the leasing of her property it seems reasonable to hold that it would more plainly have indicated such intention by using the word "lease" or by employing language that would more

clearly convey such meaning than the language of the statutes we have on the subject.

The statute of frauds does not enter into the question except as to good faith innocent purchasers for value without notice. The conveyance in this case is made subject to the lease and the grantee must therefore be held to have had such knowledge of the lease as reasonable inquiry and investigation would have revealed.

The question is one of power, or legal capacity, to execute a valid lease. The statutes giving a married woman her lands and the profits therefrom as fully as if she were unmarried carry with them the power to do everything necessary to the full control and enjoyment of her property, and certainly include the leasing of her real estate, unless by using the words "convey" and "encumber" the legislature intended to include leases. So far as the power to execute instruments encumbering or conveying her real estate is concerned, the statute denies it to a married woman except with the concurrent act of her husband. But our courts have held that she has power to lease her separate real estate for terms not exceeding three years without her husband joining her in the execution of the lease, and so far as the question of her power to execute a valid lease is concerned we see no room for a distinction between leases for three years and those for a longer term. The reasoning generally adopted, that her power to lease is necessarily implied from her right to control and enjoy her real estate the same as an unmarried woman, applies as much to leases of more than three years as it does to leases for a shorter term. Some states have by statute limited her right to lease her real estate without the consent of her husband to short terms, generally for one year. Section 3992, *supra*, makes a lease for more than three years a "conveyance" for certain purposes, but expressly limits its application to the questions of "the acknowledgment or proof of the same, the recording thereof, and the force and effect of such recording." This

statute shows that the legislature that enacted it did not consider the term conveyance broad enough to include a lease and the act only makes the word include a lease for certain purposes, none of which relate to the power or legal capacity of a married woman to execute a lease on her own separate real estate. True §3947, *supra,* standing alone may be so construed as to warrant a contrary inference. In this connection it should be remembered that §§3937, 3992, *supra,* are a part of the act of 1852 (1 R. S. 1852 p. 232) relating to conveyances of land and §§7852, 7853, *supra,* are a part of the act of 1881 (Acts 1881 [s. s.] p. 527) relating to the subject of husband and wife. It has been suggested that so to construe the statute as to give the wife the power to lease her real estate without the consent of her husband, may result in hardships, but on the other hand it is apparent that to deny her such right would in many instances not only put upon the wife the very hardship the statute was intended to avert but would nullify a plain and wholesome statute enacted for the benefit of married women who own real estate in their own right.

In its final analysis it is a question of the intent of the legislature in enacting §§7852, 7853, *supra.* Applying the ordinary rules of statutory construction to an interpretation of these sections it is evident that the legislature used the words "convey" and "encumber" in their ordinary significance and meaning and did not intend to include therein leases of real estate owned by the wife or to deny her the right to execute such leases without the concurrence of her husband. In the construction of these statutes we have been controlled largely by the opinions and reasoning of our Supreme Court as expressed in the cases cited in this opinion, and particularly the cases of *Heal* v. *Niagara Oil Co., supra,* and *Kokomo Nat. Gas, etc., Co.* v. *Matlock, supra.* In the latter case, one of the reasons on which the opinion rests is the wife's full enjoyment of her separate real estate free from interference of her husband, which reason is clear-

ly applicable here.    That case can not be disposed of on the theory that the opinion rests on other grounds.    True, other reasons are stated, but there is no indication that the opinion rests more on them than on the one above stated and which is clearly set forth in the portion of the opinion above quoted.    Furthermore this view accords with the weight of authority outside our own State.    With this situation we are content to abide by the view thus expressed and if a different rule is to prevail it is apparent there should be additional legislation on the subject.

Finding no error in the record the judgment is affirmed.

NOTE.—Reported in 106 N. E. 726.  As to the wife's power to contract and convey under American statutes, see 99 Am. Dec. 599. As to whether "conveyance" in a married women's property act includes a lease, see Ann. Cas. 1913 D 1001.  See, also, under (1) 31 Cyc. 316; (2) 24 Cyc. 984; (3) 32 Cyc. 668; (4) 21 Cyc. 1314.