## Sayre College et al. v. General Assembly Of Presbyterian Church Of United States et al.

October 29, 1948.

Keenon & Odear for appellants.

Richard Bush, Jr. and Gayle A. Mohney for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This action was brought by Sayre College and its trustees for a declaration of rights to determine whether or not it had authority to enter into two leases of land owned by it. One lease had a ten year term with an option to renew for an additional ten years, and the other lease had a ninety-nine year term. The Chancellor authorized the college to enter into the first of the foregoing leases, but denied its right to enter into the second one.

In 1860 David A. Sayre and his wife conveyed to Sayre Female Institute in fee simple a tract of real estate in the City of Lexington. The deed provided that the conveyance was made: (our italics)

"Solely and only however upon the following conditions and trusts, viz: That under the power and duty as prescribed in the second section on the Charter from the Commonwealth of Kentucky, approved March 19, 1856, they shall keep, hold and use the property herein and hereby given, conveyed and mentioned, and apply the uses and *profits* thereof solely and only in accordance with and in discharge and performance of their duties as provided and imposed in and by the said second section of said Charter in relation to property so conveyed to them *without power of alienation and encumbrance* or of rendering the same or any part thereof liable for any debt of any kind by themselves or their agents, or any other," * * *

The second section of the "Charter" simply provided that conditions and limitations imposed on property acquired should be "observed and complied with."

In the event of violation of the trust conditions or limitations imposed by the deed, a "remainder over"

was granted the Presbyterian Church Assembly, one of the appellees, to carry out the original trust purposes.

The petition alleged that the portion of the property to be leased was not being used and was not necessary to be used for school purposes, and the leasing of the property was necessary and essential to produce income with which to continue the operation of the school.

The grantor, David A. Sayre, died in 1870 leaving a will in which, referring to the deeded property, he provided: ''Nor shall the lot ever be aliened or leased for a longer term than one year.'' It is, and must be, conceded by all interested parties that the proposed restriction in the will upon the right to lease was ineffective, since the property had theretofore been conveyed in fee simple. We are thus only concerned with the limitations appearing in the deed.

The Chancellor adjudged that the prohibition in the deed against ''encumbrance'' of the property was a restriction against the leasing of it. With this conclusion we are unable to agree. For certain purposes a lease may be an encumbrance, but the word is flexible and its meaning must be construed in context.

The deed mentions ''profits'' which are to be applied in carrying out the trust. One of the most practical ways to realize profit from the use of land is to lease it. Furthermore, the language following the word ''encumbrance'' in the deed indicates that it was used in its ordinary sense and refers to a mortgage or lien upon the land. One of the principal objectives of the grantor seems to have been to keep this property intact and not subject to forfeiture as security for debt. Finally, the will of the grantor contained language which indicated that he did not consider a lease an encumbrance, and with this understanding, he attempted to limit the terms of leases.

In Spiro v. Robertson, 57 Ind. App. 229, 106 N. E. 726, the Indiana Court held that a lease was not an encumbrance within the meaning of a statute which prohibits a wife from encumbering her lands except by deed in which her husband joins. This same court in Curtis et al. v. North Side Realty Company, 111 Ind. App. 81, 39 N. E. 2d 489, similarly construed the word ''encumber'' appearing in corporate articles. In Sullivan v.

Barry, 46 N. J. L. 1, the New Jersey Supreme Court, in construing a statute, held that the word "encumber" in its ordinary signification was not expressive of the act of creating a tenancy for years in land. See also Kokomo Natural Gas Co. v. Matlock, 177 Ind. 225, 97 N. E. 787, 39 L. R. A., N. S., 675; Monroe v. Stayt, 57 Wash. 592, 107 P. 517, 30 L. R. A., N. S., 1102; and Smith v. United Crude Oil Co., 179 Cal. 570, 178 P. 141.

Accepting the rule that the word "encumber" is subject to construction in the light of circumstances surrounding its use, we are of the opinion that the grantor in the deed here involved did not by use of the term intend to forbid a leasing of the property conveyed. Our conclusion on this point, though placing it on a different ground, sustains the judgment of the Chancellor in upholding the ten year lease.

The 99 year lease is in a different category, and seems to have been so considered by the parties. Under its terms the entire monetary consideration of $10,000 will be paid within three years. Thereafter, for 96 years the property will be controlled by others and will produce no income for the college. A lease of this sort near approaches a sale of the property. We construe such a grant as an "alienation" within the scope of that restrictive provision in the deed. See Eldred v. Okmulgee Loan & Trust Co., 22 Okl. 742, 98 P. 929, 930; and Coughlin v. Coughlin, 26 Kan. 116, 118.

Appellants contend that even if this is an alienation of the property, a court of equity may authorize it where changed conditions make it necessary for the continued administration of the trust. With this principle of law we are in entire agreement. See 10 Am. Jur., Charities, Sec. 51; Board of Trustees of Madison Academy v. Board of Education of City of Richmond, 282 Ky. 671, 139 S. W. 2d 766; Pennebaker et al. v. Pennebaker Home for Girls et al., 297 Ky. 670, 181 S. W. 2d 49.

The application of the principle, however, makes it necessary that the Court not only determine if conditions have changed, but also if the proposed grant is essential to carry out the purposes of the trust. While appellants allege that the execution of this lease is necessary and essential to enable the school to be continued, an examination of the facts refutes this statement.

In the first place, if the school is in such financial straits as appears from the allegations of the petition, it seems impossible that the consideration for this lease can save the situation, at least for longer than a very temporary period. Secondly, and perhaps more important, is the fact that appellee, the General Assembly of Presbyterian Church of the United States, is designated in the deed as successor trustee in the event of the failure of the present institution to carry out the purposes of the trust. The petition does not allege sufficient facts to justify a finding that this appellee is unable to carry out the trust purposes. If so, the school may continue to operate even if the present administration fails. Finally, in view of the rights of those who may assume the trust responsibilities, we see no justification for leaving the property handicapped with this long term non-productive lease. In our opinion this proposed disposition does not appear essential in carrying out the purposes of the trust, and as the Chancellor determined, it is inequitable and unfair to the appellees who have remainder and reversionary interests in the property.

For the reasons stated, the judgment is affirmed.