[L. A. No. 1341.   Department Two.—September 6, 1905.]

S. McG. ISOM, Respondent, v. REX CRUDE OIL COM-
PANY, Appellant; UNION CONSOLIDATED CRUDE
OIL COMPANY, Appellant.

Lease of Town Lot—Cancellation for Fraud—Defective Complaint
against Assignee—Notice not Averred.—In so far as a complaint
seeks to cancel a lease of a town lot for fraud of the lessee against
an assignee of the lease, the complaint is fatally defective in not
alleging that the assignee took with knowledge or notice of the
fraud.

Id.—Rescission against Assignee—Change of Use from Tenement
to Oil Purposes—Construction of Code.—Section 1930 of the
Civil Code, which provides that where a thing is let for a particular
purpose the hirer must not use it for any other purpose, else the
owner may treat the contract as rescinded, applies to a lease of
real property; and where a town lot was leased for tenement pur-
poses, involving only the superficies of the soil, without reference
to minerals, and the use was changed by the assignee to the extrac-
tion of oil, which is part of the realty, the owner has a right of
rescission of the lease as against the assignee, who has no other right
than that conferred upon the lessee, and has no authority to waste
the substance of the estate.

Id.—Cause of Action for Rescission—Fraud not Involved—Return
of Rent Paid not Required.—The cause of action for rescission of
the lease for such improper change of use involves no question of
fraud; and rent paid, based upon the use of the property by the
lessee and assignee prior to the filing of the complaint, need not
be refunded as a condition of the rescission.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   W. F. Fitzgerald, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, and Jeff Paul Chandler, for Appellants.

Stephens & Stephens, and Works, Lee & Works, for Re-
spondent.

HENSHAW, J.—Plaintiff, the owner of a certain piece of
land in the city of Los Angeles, sued defendant as assignee of
her lessee to have canceled and annulled a lease under which
it was holding, and for damages for its unlawful extraction

of oil from her land. She alleged that she was in an eastern state, and in ignorance of the condition of her property and of the surrounding property, and in ignorance of the fact that the land lay in an oil belt or district within the city of Los Angeles; that Book, her lessee, by letter represented to her that he wished to lease the premises for the purpose of erecting a tenement building thereon, and concealed from her the fact that oil existed upon the premises; that in fact Book had already entered upon the land, and was at that time, by a well, extracting oil therefrom; that she executed to Book a lease for the term of three years, with the privilege of a renewal of five years, for the annual rental of one hundred dollars, payable quarterly in advance, with permission to the lessee to remove, at the termination of the lease, such buildings as he might have erected. It is then alleged that the defendant took an assignment of this lease from Book and entered into possession of the property under the lease "with knowledge of the terms thereof." Then follow allegations of the discovery of the true condition, and of the fraud of Book after two years had expired and two years' rent had been paid, the service of notice upon Book and upon the defendant receiver, the rescission of the lease because of its fraudulent procurement, and the continued pumping of oil by the defendant after such notice.

Trial was had before the court without a jury. The court found in accordance with the allegations of the complaint, decreed a cancellation and annulment of the lease, gave damages to plaintiff in the sum of $4,070, and enjoined defendant from operating the oil well and removing therefrom any of the tubing, machinery, tanks, and other appliances.

Treating that phase of the action which deals with the rescission and cancellation of the lease for the fraud of Book, the complaint is radically defective in failing to allege that the defendant took with knowledge or notice of the fraud. It is not sufficient, as respondent argues upon this point, that the evidence in the case shows constructive knowledge on the part of defendant through notice and knowledge of facts sufficient to put a prudent person upon inquiry. The difficulty is in the complaint itself, which nowhere avers such notice or knowledge. So far as the pleadings go, plaintiff by her absence of averment has placed the defendant in the

position of an innocent purchaser without notice, and the fraud of its assignor, therefore, cannot be made a ground for the avoidance of the lease which it had thus innocently and for value acquired. (*Deputy* v. *Stapleford,* 19 Cal. 302; *Conn. Co.* v. *McCormick,* 45 Cal. 583; *Schultz* v. *McLean,* 93 Cal. 329, [28 Pac. 1053].)

It follows, therefore, that plaintiff was not entitled to a cancellation of the lease against this defendant for the fraud of Book to which it was not a party and with knowledge of which it was not charged. But section 1930 of the Civil Code provides as follows: ''When a thing is let for a particular purpose the hirer must not use it for any other purpose; and if he does, the letter may hold him responsible for its safety during such use in all events, or may treat the contract as thereby rescinded.'' This provision is found in chapter one, under the title of ''Hiring in General,'' chapter two providing for the hiring of real property, and chapter three for the hiring of personal property. It is therefore applicable to the hiring of real property. When the code speaks of the letting for a particular purpose, it is of course not limited to a single purpose. It means the using of property for a purpose other than that or those for which it has been let. And if in fact the land here leased was used for a purpose other than that legitimately contemplated by the lease, the section is applicable. That it was so used admits of no doubt. Oil is a mineral, and as a mineral is part of the realty. (*Funk* v. *Haldeman,* 53 Pa. St. 229.) It is recognized as a mineral in our mining laws. Corporations formed for the purpose of securing and marketing it come within the purview of the mining laws, and claims for oil-bearing lands are taken up as are claims for mineral lands. Like the precious metals, therefore, or coal, oil in place is a part of the freehold. Its severance and removal, except in proper cases, is waste. (*Stroughton's Appeal,* 88 Pa. St. 198; *Williamson* v. *Jones,* 25 L. R. A. 222, [39 W. Va. 231, 19 S. E. 436].) It is likewise beyond peradventure that such a lease as here was executed without any reference to minerals, mines, or quartz, is a lease merely of the superfices of the soil. (*Owings* v. *Emery,* 6 Gill, 260.) It follows, therefore, that aside from any question of the fraud of Book, he had no right under his lease to commit waste by the removal of the oil, and as his

assignee the defendant herein at best could only acquire by the assignment such rights as Book himself was legally entitled to exercise, it likewise follows that the defendant had no right to continue to extract this oil. Here, then, was a use of the thing let for a purpose not only foreign to the letting, but for a purpose which absolutely involved the impairment, and to a great extent the destruction of the value of the freehold. While at common law against a tenant who committed waste the remedy was by an action for waste, and later by an action on the case for waste and for injunction, and while an action for forfeiture could not follow unless a right of re-entry was preserved in the lease, it would appear that section 1930 of our Civil Code has modified this common-law rule in distinctly declaring that the letter under such circumstances may treat the contract as thereby rescinded,— rescinded, that is to say, by force of the wrongful act of the possessor in using the property for a purpose foreign to that for which it was let. The property in this case having been so used, all questions of fraud may be eliminated, and plaintiff's complaint is sufficient for a rescission under section 1930. But against this it is urged that the plaintiff was not entitled to rescind because of her failure to offer to restore the two annual payments of rent, amounting to two hundred dollars, which admittedly she had received. In proper cases it is unquestionably true that restoration or offer to restore is essential to a rescission. Authority need not be cited in support of so elementary a proposition. But in this case it was not incumbent upon the plaintiff to restore or to offer to restore all or any part of the money which she had accepted as rent. While for many purposes the term of lease is regarded as indivisible, and the rent likewise indivisible, and as applying to the whole term, in modern estates of leaseholds where monthly rental or annual rental (as here) is specified, it is frequently necessary to divide the rent to cover the indicated period. Here Book and his assignee had had possession of the premises under the lease for the two years, for which the rent had been paid, and were entitled with that possession to the enjoyment of the property for all legitimate purposes. This use of the property and this withholding of it from the owner constituted a sufficient consideration year by year for the yearly payments which were made. As to the payments

which had been made for the time which had elapsed, the contract was not executory; it was executed. Defendant and its predecessor had received the full benefit for the money which had been paid, and a restoration of it was not necessary by plaintiff before commencing this action. The case in this respect is similar to those of *Wilson* v. *Moriarty*, 77 Cal. 596, [20 Pac. 134], and *Whyte* v. *Rosecrantz*, 123 Cal. 634, [69 Am. St. Rep. 90, 56 Pac. 436].

The evidence which was admitted under objection and exception of defendant touching the fraud of Book, in consideration of what has been said, becomes immaterial, and therefore the error, if error there were, could not have prejudiced the defendant. The evidence as to damage was sufficint to support the finding of the court.

The judgment appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.