[L. A. No. 4314.    In Bank.—January 4, 1919.]

## MARK B. SMITH, Respondent, v. UNITED CRUDE OIL COMPANY (a Corporation), Appellant.

LEASE OF OIL LAND—SUBLETTING OF PART—RIGHT OF LESSEE.—Where a lease of land for the development of oil in consideration of a royalty reserved contains no covenant against subletting, the lessee has the right to sublease portions of the land for the development of oil.

ID.—SUBLETTING—PROVISION AGAINST ENCUMBRANCES NOT VIOLATED.—A sublease of portions of land for the development of oil cannot be

considered a violation of the provision of the lease against creating encumbrances upon the land.

ID.—UNWARRANTED USE OF PREMISES—REMEDY OF LESSOR—APPLICABILITY OF CODE AMENDMENT.—The amendment of 1905 to section 1930 of the Civil Code which prescribes the remedy of the lessor for the use by the lessee of premises let for a particular purpose for purposes not contemplated by the lease is applicable to such an unwarranted use after the amendment, although the lease was executed prior to the amendment.

ID.—IMPROPER USE BY SUBLESSEE—LIABILITY OF LESSEE.—A lessee is liable in damages to the lessor for the improper use of the demised premises by a sublessee under section 1930 of the Civil Code.

ID.—RENTS RECEIVED FROM SUBLESSEE—RECOVERY BY LESSOR FROM LESSEE NOT PERMITTED—DAMAGES.—Where a sublessee of oil lands uses the lands for a purpose not contemplated by the lease, the lessor is not entitled to recover from the lessee rents collected from the sublessee, but his remedy is an action for damages under section 1930 of the Civil Code.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Reversed.

The facts are stated in the opinion of the court.

Geo. E. Whitaker and Frank Short, for Appellant.

W. W. Kaye, Anderson & Anderson, and Kaye & Siemon, for Respondent.

WILBUR, J.—Plaintiff and defendant are the successors of the lessor and lessee, respectively, in a twenty-year lease executed November 27, 1900, of twenty acres of land for the development of oil, reserving a royalty therefrom. On May 6. 1910, defendant sublet for five years two pieces of land, 150 by 250 feet each, in the northwest and northeast corners, respectively, of said twenty acres, to the Associated Supply Company, for the erection of the necessary buildings and the carrying on of an oil well supply business thereon, reserving a rental of one hundred dollars per month. Plaintiff brought this action, alleging that his predecessors were the owners of "the north half of the southeast quarter of the northeast quarter of section 2, township 11 north, range 24 west, S. B. B. & M. in Kern county, California," and that "said owners as lessors executed to A. C. Leibdedofer and E. H. Loveland, as lessees,

that certain indenture of lease bearing date on said day, wherein and whereby said lessors leased, let and demised to the said lessees the said land for the term of twenty years from and after said day, for the purposes in said lease set forth, and thereupon said lessees entered into and upon said land and took possession thereof under said lease''; and set forth a copy of said lease and made the same a part of his complaint. Plaintiff alleged the subletting to the Associated Supply Company "for a purpose not contemplated" by the provisions of the lease, claiming that the execution of the sublease created an encumbrance upon the land, in violation of a covenant of the lease, and, because of said encumbrance, demanded a decree forfeiting said lease, an accounting for royalties, and "for all funds . . . received from the Associated Supply Company, . . . for the use of any surface rights of said premises," and for "judgment for all sums found due him by said accounting." The defendant did not deny the collection of the one hundred dollars per month rental, but in answer to the claim of forfeiture alleged facts showing that plaintiff was estopped from claiming a forfeiture, by reason of his own delay in bringing the proceedings after knowledge of the contract between the defendant and the Associated Supply Company, during which time defendant had spent more than fifteen thousand dollars in further development of the property, plaintiff having during that period received the rental reserved by him. At the trial plaintiff abandoned his claim for an accounting for royalty, and merely proved the existence of the sublease. The court rendered judgment for plaintiff for the full amount of the rents ($5,843.20) collected by the defendant from the Associated Supply Company, and refused to declare a forfeiture of defendant's lease on the ground of estoppel by reason of plaintiff's acquiescence in the contract of the Associated Supply Company. Defendant appeals.

Let us first consider plaintiff's claim that by the sublease in question the defendant violated the provision of the lease against creating encumbrances upon the land. The lease provided that all the expenditures in connection with the boring for oil, erection of derricks, pumps, pipes, engines, tanks and material, should be provided by the lessees at their own expense, and that they should also furnish all labor employed in the development of the premises and the production of oil,

"and the lessees hereby agree that they will at all times keep said lands and premises free and clear of all encumbrances and liens, particularly mechanics', materialmen's and laborers' liens, caused by reason of any debt or obligation contracted or handed down by lessees under the terms of this agreement. Lessees agree to pay all taxes that may be levied on the personal property and upon their portion of the oil stored on said premises." There was no agreement in the lease against subletting. The lessee, therefore, had a right to sublease portions of said land for the purposes specified in its lease, namely, the development of oil. (*Chandler* v. *Hart,* 161 Cal. 405, 419, [Ann. Cas. 1913B, 1094, 119 Pac. 516].) Such a sublease, therefore, could not be considered an encumbrance within the meaning of the lease. Plaintiff's contention in this respect, then, narrows down to the proposition that the sublease is for purposes not contemplated by or within the provisions of the lease. Upon this subject section 1930 of the Civil Code provides: "When a thing is let for a particular purpose the hirer must not use it for any other purpose; and if he does, he is liable to the letter for all damages resulting from such use, or the letter may treat the contract as thereby rescinded." The fact that, in the instant case, the use for a purpose not contemplated by the lease is by a subtenant does not change the situation. In effect, the lessee, through its subtenant, is using a portion of the land for purposes not contemplated by the lease. Section 1930 of the Civil Code prescribes the remedy in such cases. It is pointed out by the respondent that this section was amended in 1905, subsequent to the lease of November 27, 1900, between the predecessors of the parties herein. The amendment, however, occurred before the use of the premises by the subtenant, and the remedy, therefore, is that prescribed by the law in effect at the time of the violation of the lease. The complaint does not aver any damage, nor was proof offered of any damage by reason of said mentioned use. Respondent, however, now claims that his action is not for a violation of the covenant against encumbrances, but rather one for "money had and received," and seeks to sustain the judgment upon the theory that appellant had collected rents to which it is not entitled and for which it is liable to respondent. This argument, in turn, is based upon the contention that by the "oil lease" appellant gained no right in the surface of the land (citing

*Brookshire Oil Co.* v. *Casmalia etc. Dev. Co.*, 156 Cal. 211, [103 Pac. 927]), and that its lease to the Associated Supply Company was without right or authority, and that thereby it became liable for the use and occupation of said surface, and that the rental received therefor was a proper measure of its responsibility for such wrongful use and occupation. Without pausing to consider the novel proposition that an action for the forfeiture of a lease and an accounting for rentals can be considered an action on the common count for money had and received, we will consider the merits of respondent's position. The lease in question makes no reservation whatever of the surface, as was the case in the lease considered in *Brookshire Oil Co.* v. *Casmalia etc. Co., supra,* and no such reservation of the surface as that contained in the lease considered in *Chandler* v. *Hart, supra* (161 Cal. 406, 410, [Ann. Cas. 1913B, 1094, 119 Pac. 516]). Respondent's predecessors by said lease did "grant, lease, let and demise unto the said lessees (appellant's assignors) and said lessees hereby take and accept of and from said lessors, the exclusive right to mine, dig, excavate, bore and drill for, and otherwise to collect, develop and obtain . . . petroleum . . . ," etc., "also the right to sever and remove said substances" from said twenty acres, describing them, "also the right to enter in and upon the premises . . . to construct . . . roads," etc., "needed or convenient in the carrying on of said business and the said mining operations. To have and to hold the premises . . . described . . . for twenty years for the purpose and use aforesaid, . . . to take immediate possession by placing an employee on said lands and to commence work of developing said lands for oil by placing a derrick thereon by December 20th," etc.; to continue drilling wells at the rate of two each year until ten wells are sunk, and as many more as the lessees desire, but no well to be drilled within seventy-five feet of other land owned by the lessors. In the event of the failure of the lessees to drill within the time limited as aforesaid for such work, "the right to drill the same, or any other wells, shall cease and be forfeited, *together with all the lands covered by this lease* [italics ours] that are not within seventy-five feet of a well drilled . . . or that is being drilled . . . ; said lessees agree to pay to said lessors as rent or royalty, *for the premises hereby leased* [italics ours] one-fourth part," etc. It was also agreed that the lessees might

within twelve months buy ''the whole of the above described lands.'' The lessees had a right to sink wells upon any and every part of said land not within seventy-five feet of the lessor's land, and to the possession of so much of the surface thereof as was necessary for such purpose. This right extended to the two parcels sublet by the appellant. The case, therefore, in this view, again resolves itself into the proposition that the appellant, by its subtenant, has been using said premises for a purpose not contemplated by the lease. Respondent, in his complaint, takes the position that the parcels sublet were included in the premises let, for he alleges that the twenty acres had been leased to the appellant, that the leased premises had been encumbered by the sublease, in violation of the covenants in the lease, and for that reason demanded a forfeiture of the lease.

We are, therefore, satisfied that plaintiff is not entitled to recover the amount of rents collected by the appellant from its subtenant, on the theory that such sublease was a violation of the covenant against encumbrance, and, for that reason, that the judgment should be reversed. Nor was the respondent entitled to recover such rents upon the theory that his complaint was, in effect, an action for money had and received. His remedy was for damages under the provisions of section 1930 of the Civil Code.

Judgment reversed.

Sloss, J., Melvin, J., Lorigan, J., and Angellotti, C. J., concurred.