[Civ. No. 3441. Second Appellate District, Division One.—December 20, 1920.]

MARK B. SMITH, Respondent, v. THE UNITED CRUDE OIL COMPANY (a Corporation), Appellant.

[1] LANDLORD AND TENANT—NONPERMITTED USE OF PREMISES—DAMAGES.—Where demised property is used for purposes other than those contemplated by the lease, the lessor's damages under section 1930 of the Civil Code are only those which the lessor suffers by reason of his property being injured by a depreciation in value being produced, or by some other injury which naturally occurs because of the nonpermitted use, and the mere value of the use does not measure the amount of damages.

[2] PLEADING—AMENDED COMPLAINT—MOTION TO STRIKE—TIME.—A motion to strike out an amended and supplemental complaint, made after answer thereto, is too late, and properly denied.

[3] LANDLORD AND TENANT—PLEADING—AMENDMENT OF COMPLAINT—CHANGE OF CAUSE OF ACTION—STATUTE OF LIMITATIONS.—Where in an action by a lessor against a lessee the plaintiff, by filing an amended and supplemental complaint, eliminated all claim to any right to have the lease forfeited, as sought in the original complaint, and adopted the alternative remedy of damages permitted

by section 1930 of the Civil Code, the amended pleading declared upon a different cause of action, and the application of the statute of limitations will be considered with reference to the date of the filing of the amended complaint, rather than to the original date of the commencement of the action.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Reversed.

The facts are stated in the opinion of the court.

Geo. E. Whitaker for Appellant.

Kaye & Siemon for Respondent.

JAMES, J.—Plaintiff had judgment against the defendant for a large sum of money claimed as damages. Defendant has appealed, and presents the judgment-roll and a bill of exceptions. The cause went to trial upon an amended and supplemental complaint and the answer made thereto. Issue was raised as to matters hereinafter discussed. The answer further pleaded in defense laches on the part of plaintiff and the interposition of statutes of limitation.

Predecessors of the assignors of defendant were the lessees named in a certain lease affecting land which at the time of the commencement of this action was owned by the plaintiff. The defendant succeeded to the rights of the original lessees. The lease mentioned was one made for the purpose of oil development under which, as we construe the instrument, the lessees were entitled to the exclusive possession of the property for the purpose of prosecuting the business designed to be accomplished. The lessees did so have the property, and this defendant, while in possession of the same, made a sublease on the twenty-fifth day of May, 1910, to cover a period of time up to the twenty-fifth day of May, 1915, and wherein the right to occupy certain portions of the land and to erect thereon buildings for the purposes of an oil-well supply business, was granted to a third party. In April, 1913, the plaintiff gave notice to the defendant, calling for an account of rents and royalties on oil production, and further stating an objection to the sublease, terming

it an encumbrance against the conditions of the lease, and requiring the sublease to be vacated. This ·demand having been apparently disregarded, a written notice was given on the eighth day of April, 1913, declaring the lease of the defendant terminated and void. This action followed. In the complaint plaintiff alleged the failure of the defendant to make account for rent and oil royalties; alleged that the sublessee had been allowed to "occupy and use large portions of the surface of the said land for a long period of years for purposes not contemplated by or within the provisions of said lease, . . . that the said defendant has been collecting of and from said Associated Supply Company the sum of about $100 per month from and after the sixth day of May, 1910, to the date of the commencement of this action and applying all of said sums to its own use, and that the said defendant has failed, refused and neglected to pay the same, or any part thereof, to the plaintiff, and has failed, refused and neglected to clear said land of said encumbrances." The prayer of the original complaint was that the lease be terminated, that an account be had, and "for such other and further relief as to the court may seem meet and proper." The cause was tried upon the original complaint and judgment was rendered for the plaintiff, allowing recovery for the rents collected from the sublessee, amounting to $5,843.20. The cause was taken on appeal to the supreme court and decision made therein, which is found in 179 Cal., at page 570, [178 Pac. 141]. The court there held that no term of the lease of the defendant prohibited the subleasing, and that therefore there had been no violation of any such covenant or agreement. The court did, however, declare that, as the lease held by the defendant was made for a particular purpose, the plaintiff might make his claim under section 1930 of the Civil Code, which provides: "When a thing is let for a particular purpose the hirer must not use it for any other purpose; and if he does, he is liable to the letter for all damages resulting from such use, or the letter may treat the contract as thereby rescinded." The court further remarked that the complaint did not aver any damage, and that no proof was shown to have been offered of any damage to plaintiff by reason of any such

use. The decision shows that at the former trial the collection of $100 per month rental by the defendant from its subtenant was not questioned. The judgment was reversed. Upon the cause being remanded to the lower court, plaintiff filed an amended and supplemental complaint in which he alleged only the material facts as to the tenancy of the defendant and the subleasing of a portion of the property, and alleged that the use made by the subtenant was of the value of $100 per month, which it was alleged was the damage suffered by the plaintiff because his property had been used "for purposes not contemplated by the lease." A number of questions are argued on this appeal, all of which it will not be necessary to particularly examine.

[1] The decision of the supreme court seems to settle the matter of plaintiff's right to damages as being a right to be predicated wholly upon the provisions of section 1930 of the Civil Code. That section provides, as has already been noted, that where property is let for a particular purpose and the hirer uses it for other purposes, he is liable "for all the damages resulting from such use." We have announced preliminarily, and we reaffirm the statement, that under the terms of the lease here exhibited and under which the defendant held the property of the plaintiff, the plaintiff reserved no right to use the ground, or any part thereof, during the time that the defendant held possession under its lease. What, then, would be the plaintiff's damages under section 1930, where the property was held for purposes other than those contemplated by the lease? In this case it seems quite plain that the damages would only be those which plaintiff would have suffered by reason of his property being injured by a depreciation in value being produced, or by some other injury which would naturally occur because of the nonpermitted use. The mere value of the use, where the plaintiff himself was not entitled to that use, would not measure the amount of damage, because to allow a recovery on that account would be to allow recovery for something to which the plaintiff was not entitled, considering his contract obligations to his lessee. The supreme court no doubt had that condition in mind when it declared that the original complaint did not aver any

damage, "nor was proof offered of any damage by reason of such mentioned use." This statement was made in full view of the fact that in the opinion it had already been stated that the defendant did not deny that it had collected $100 per month rental from the subtenant. Let us illustrate the situation in a way which will point more readily to the conclusion already announced: Suppose that the defendant had leased to the plaintiff land for the purpose of occupying it with warehouse buildings only; suppose that this lease gave the right of possession to the lessee and reserved no right to such possession in the lessor; suppose that the lessee, instead of using the property for warehouse purposes, used it for the purpose of conducting a retail store thereon: It seems very clear that in such a case the lessor, seeking to recover damages, would necessarily have to prove some special injury to the property produced by reason of the use being changed from that contemplated by the contract. The keeping of a store instead of a warehouse might be a great deal more profitable to the lessee, and yet it could not be claimed that the lessor, under the provisions of section 1930 of the Civil Code, would be entitled to recover the increased profits which might accrue to his lessee. In order to permit a recovery at all of damages in this case, we think that the complaint should allege some special damage, if any there was, by which the plaintiff's property was injured through the nonpermitted use. The complaint as presented, taken in connection with the lease which is made a part thereof, in our opinion, fails to state facts warranting any judgment for damages.

Among other questions argued, which in view of our conclusion upon the proposition just discussed will not need elaboration, are: First, that the amended and supplemental complaint should not have been permitted to be filed; second, that a new cause of action was stated in this amended complaint different from the cause of action set up in the original complaint; third, that the alleged cause of action set up in the amended complaint was barred by certain provisions of the Code of Civil Procedure. [2] We are satisfied that a motion made by the defendant to strike out the amended and supplemental complaint, after it had made answer thereto, was properly

denied, as the motion came too late. **[3]** We are convinced, nevertheless, that the amended complaint did declare upon a different cause of action than that set out in the original complaint. If we assume that a cause of action under section 1930 of the Civil Code was stated, though imperfectly included in the allegations of the original complaint, it is clear that the cause of action was to declare a forfeiture of the lease, and not for the alternative remedy of damages which section 1930 permits to be recovered. By filing the amended and supplemental complaint the plaintiff eliminated all claim to any right to have the lease forfeited, and adopted the other alternative given by the section of suing for damages. In such a case, of course, the application of the statutes of limitation will be considered with reference to the date of the filing of the amended complaint, rather than to the original date of the commencement of the action.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 18, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1921.

All the Justices concurred.