LEE v. STRAUGHAN.

Opinion delivered December 20, 1920.

1. TENANCY IN COMMON—LEASE BY ONE COTENANT.—A coparcener or tenant in common is bound by an oil and gas lease executed by him so far as it covers lands subsequently allotted to him in partition, though the other heirs are not bound by such lease as to lands allotted to them, not having authorized same.

2. DOWER—VALIDITY OF LEASE OF DOWER AND HOMESTEAD LAND BY WIDOW.—An oil and gas lease of homestead and dower lands executed by the widow is invalid as against the heirs at law who are owners of the remainder after expiration of her life estate.

3. TENANCY IN COMMON—POWERS OF LESSEE OF COTENANT.—A lessee of a tenant in common can not exhaust the supply of minerals in the undivided lands to the detriment of the rights of the other tenants.

Appeal from Ouachita Chancery Court; *J. M. Barker,* Chancellor; reversed in part.

*Thos. W. Hardy* and *Rose, Hemingway, Cantrell & Loughborough,* for appellants.

1. Under the law, Lawrence Lee's estate, including mineral rights, descended to his heirs at law as tenants in common, subject only to the widow's unassigned dower and homestead rights. His estate included all oil, gas and mineral rights, and the heirs had full right to partition the lands including such mineral rights. Had Lawrence Lee during his lifetime conveyed the mineral rights in the land to Straughan then the heirs could not have partitioned the oil and gas rights as against Straughan. 23 S. E. 664; 30 Cyc. 180 (b). But Lawrence Lee made no grant of oil and gas rights during his life and his ownership in these rights became vested in his children upon his death. *Ib.* A partition of the lands among his chil-

dren necessarily included a partition of all individual mineral rights held by them as tenants in common. Thornton on Law of Oil and Gas, par. 277, p. 300; *Ib.*, par. 18, p. 31; 53 Penn. St. 229, 249. On partition by decree of court among the heirs each heir's part becomes subject to liens existing against his moiety preceding partition. 30 Cyc. 156, par. 3. And all other heirs' moieties are freed from such liens. 30 Cyc. 166, par. 2. The court below conceived the idea that a grant of the mineral rights in the entire tract by Mrs. Lee and one of the heirs amounted to the same thing as a grant of such rights by Lawrence Lee, and the decree is based on an erroneous theory.

Straughan was a proper party defendant in partition proceedings, as he held a lease of the mineral rights owned by J. W. Lee. 30 Cyc. 211, par. (f).

2. The decree of partition was a final decree which settled the rights of the parties and became *res adjudicata* as to claims made by Straughan, and he took no appeal as he had a right to do. 52 Ark. 227; 80 *Id.* 516; 109 *Id.* 598; 130 *Id.* 307; 6 Howard 201; 13 Peters 15; 7 Wall. 342; 92 Fed. 780; 230 *Id.* 570.

The decree operated as an estoppel against Straughan and it became binding on him as he took no appeal and the subsequent decree adjudging that his lease extended to all the land was erroneous and void. 20 Ark. 85; 107 *Id.* 46; 94 U. S. 351; 55 Fed. 690; 107 *Id.* 328; 112 *Id.* 44.

3. Mrs. Lee could not convey to Straughan any right to open up new oil and gas wells. 92 Ark. 261. See, also, 93 Ark. 353; 129 *Id.* 245; 76 N. E. 525; 162 Fed. 332; 39 S. W. 444; 36 Atl. 201; 189 S. W. 192; 190 *Id.* 408; 95 N. E. 225; 27 S. E. 411; Tiedeman on Real Property, par. 75; Thornton on Oil and Gas, par. 262-3, 270.

4. J. W. Lee's lease to Straughan should be limited to the tract partitioned to him. The case is fully developed, and there is no controversy as to the facts, and the decree should be reversed and a final decree en-

tered here canceling the pretended lease by Mrs. Lee and clearing the title of the other heirs as to the lease made by J. W. Lee.

McCULLOCH, C. J. Lawrence Lee owned certain lands in Ouachita County containing 500 acres, and he died in the year 1912, leaving his widow and twelve children who are the plaintiffs in this action. On February 15, 1919, Fannie L. Lee, the widow, and J. W. Lee, one of the heirs at law of Lawrence Lee, deceased, executed to the defendant, M. H. Straughan, a lease granting to him for a certain period of time the right to explore the lands for gas and oil and to develop the same as an oil producing territory. The lease covered the whole of the lands, but the other heirs at law of Lawrence Lee did not join in the lease and did not authorize its execution.

This action was instituted by plaintiffs in which the widow and all the heirs at law joined in the prayer for partition and for the setting aside to the widow of her homestead and dower. The lessee, M. H. Straughan, was made defendant in the cause, and the prayer of the complaint against him is that the lease be canceled as a cloud on the title of plaintiffs. Pursuant to the prayer of the complaint, the chancery court decreed a partition of the lands and appointed commissioners to set aside to the widow the homestead and dower and to divide the remainder of the land equally between the heirs at law. The commissioners made partition in accordance with the directions of the court and reported the same to the court, the report being confirmed and a decree allotting the land in severalty in accordance with the report being entered.

In the controversy between the plaintiffs and the defendant concerning the validity of the lease the chancery court decided that the widow and J. W. Lee were not authorized by the heirs at law to enter into this lease and that the contract was not valid as against the other heirs as to their share of the land allotted to them in severalty, but that the lease was valid as to the homestead and

dower of the widow and the land allotted to plaintiff, J. W. Lee. All of the plaintiffs have appealed to this court.

The court was correct, of course, in holding that J. W. Lee was bound by the lease, so far as it covered the lands allotted to him in the partition, and in holding that the other heirs at law were not bound by the lease as to the lands allotted to them respectively. This leaves for determination on this appeal whether or not the lease is valid as to the lands allotted to the widow as homestead and dower. In other words, whether or not the lease contract executed by the widow is valid as to the homestead and dower so as to conclude the heirs at law as owners of the remainder after the expiration of the widow's estate. That question seems to be decided in favor of the rights of the heirs in the case of *Cherokee Construction Co. v. Harris,* 92 Ark. 260.

In that case there was involved the right of the widow to open a coal mine on the homestead, and this court announced the rule that, while the widow was entitled, as against the reversioner, to the benefit of the operation of an existing coal mine, even to exhaustion, she had no right to open and work new mines not in operation at the time of the creation of the estate, and that she was guilty of waste by attempting to do so. In disposing of the matter the court said: "The offense of waste consists in the first penetration and opening of the soil. And so it has been held that a mine which was opened at the vesting of the life estate or estate for years may be worked by the tenant, even to exhaustion. * * * But tenants for life or for years are guilty of waste in opening and working new mines and which were unopened at the time of the vesting of the estate. * * * They may use the premises as they may see fit, provided it does not injure the inheritance. They may work old mines already opened when they obtained the estate; but they can not open new mines."

That rule applies to gas and oil as well as to coal. Those substances are classified as minerals. Thornton

on the law Relating to Oil and Gas, p. 31. *Burke* v. *South Pac. Rd. Co.,* 234 U. S. 669; *Isom* v. *Oil Co.,* 147 Cal. 659; *Carroll* v. *Bell,* 237 Ill. 332; *Barker* v. *Campbell-Ratcliff Land Co.* (Okla.), 167 Pac. 468, L. R. A. 1918 A. 487; *Hudson* v. *McGuire,* (Ky.), 223 S. W. 1101.

The lease of the homestead and dower land is invalid as against the heirs at law who are the owners of the remainder after the expiration of the widow's estate.

The case cited above (92 Ark. 260) related to the homestead lands, but there can be no distinction, so far as the rights of the widow are concerned, between homestead and dower; *i. e.,* so far as concerns her right to open new mines or wells for the production of coal, oil or gas. The rule announced in that case applies to all persons whose estate in the land do not exceed that of a life-tenant. The defendant therefore gets nothing from his lease from the widow.

It is only necessary to add, so far as concerns appellant's right under the lease from J. W. Lee, that he can assert no claim as long as the homestead and dower lands remain undivided between the heirs, for a lessee of one of the tenants in common can not exhaust the supply of mineral in the undivided lands to the detriment of the rights of the other tenants. If the time of the lease reaches beyond the expiration of the widow's estate, the question will then arise, and not before, as to the right of the defendant to have a division so as to give him the opportunity to enjoy his rights under the lease from J. W. Lee of the latter's share in the homestead and dower lands.

The decree is therefore affirmed as to the separate lands of J. W. Lee, but the decree is reversed as to the operation of the lease on the dower and homestead lands, and the cause is remanded with directions to enter a decree canceling the lease to that extent.