[Civ. No. 9449. Second Appellate District, Division Two.—June 27, 1935.]

WALTER F. LINEBERGER et al., Respondents, v. DELANEY PETROLEUM CORPORATION (a Corporation), Appellant.

Houser & Houser, J. Everett Houser, and Joseph A. Ball for Appellant.

Denio, Hart, Taubman & Simpson, and Geo. B. Taubman, Jr., for Respondents.

FRICKE, J., *pro tem.*—Respondents were at all times the joint owners of a certain parcel of land which they leased for oil development purposes to J. E. O'Donnell and wife. This lease was transferred several times, the last lessee being appellant corporation, which is still in possession. Appellant, in addition to contruction work connected with the production of oil, erected upon the land a warehouse and a field office not used in connection with such production, and stored pipe and other oil equipment on the property which was not used for drilling or operating purposes on the premises. The "lease" declares that the "lessors do hereby grant to said lessee the exclusive right and privilege" of entering upon the premises and drilling for and removing oil, gas and other hydrocarbon substances, together with the right to store the same upon the land during the life of the lease, the right to develop water and to construct, use and maintain "all buildings, tanks, sumps, machinery, telephone and telegraph lines and other structures, including all pipe lines, which the lessee may desire in carrying on its business and mining operations on said premises", and the right of ingress and egress. The lessee agreed to pay as rental or royalty one-sixth of the market price of the oil and gas produced, and agreed not to erect any buildings within 100 feet of Pacific Avenue.

It appears that the field office and warehouse erected by appellant are closer than 100 feet from Pacific Avenue, and there is testimony to the effect that the rental value of the property used by appellant for storage and warehouse purposes, and not used in operating the oil wells on the property, was between $200 and $250 per month. There is also evidence that although no new wells were being drilled and the operations were limited to pumping two wells, appellant used

all of the land except that occupied by the houses of respondents; that a piece of land 50 by 150 feet around each of the two wells on the land would suffice to care for the wells; that there was no necessity to use any other portion of the property for such purposes, and that the equipment stored on the lands was not necessary for the wells on the property. Respondents at all times received the royalty or rental provided for by the lease. The president of appellant corporation testified that the company used the property as a field office and that the equipment, warehouses and racks were used for all of their operations and not alone for those on respondents' property.

█ The basic point raised by appellant is that because of the lease the action should have been one for damages under section 1930 of the Civil Code, providing that when a thing is let for a particular purpose the hirer must not use it for any other purpose, and if he does he is liable for all damages resulting from such use, and not under section 3334 of that code, for the value of the use of the property for the time of its wrongful occupation. Appellant insists that the entire use and occupancy herein was under authority of the lease and in nowise prohibited thereby, although it appears uncontradicted that the field office and warehouse were closer than 100 feet to Pacific Avenue and the lease expressly provided against the lessee constructing any building within such limitation, and that appellant used a substantial portion of the leased property for purposes in nowise connected with the operation of the property as an oil project. Appellant's argument that this unauthorized use of the property is compensated by the rental or royalty paid as provided for by the lease, and that notice required by the lease was not given, fails in that it overlooks the fact that respondents' action is not under the lease but for use and occupation not covered thereby.

It is significant that the "lease" upon which appellant relies does not use words such as "lease", "let", or "demise", or words to a similar effect such as were used in the lease involved in *Chandler* v. *Hart*, 161 Cal. 405 [119 Pac. 516, Ann. Cas. 1913B, 1094], wherein the court held that the effect of the language was to confer upon the lessee an estate for years subject only to the reserved right of the lessors to reside upon the land and to farm the land not needed or used

by the lessee, and in the lease involved in *Smith* v. *United Crude Oil Co.*, 179 Cal. 570 [178 Pac. 141], in which the lands were "leased, let and demised" to lessees for the development of oil. The "lease" in the case at bar is very similar to that in *Brookshire Oil Co.* v. *Casmalia etc. Co.*, 156 Cal. 211 [103 Pac. 927], the language there used being "The first party hereby grants unto the second parties the sole right," etc. The lease before us reads, "Lessors do hereby grant to said lessees the exclusive right and privilege", etc. In the case last cited the court held that "this instrument does not vest in the so-called lessees any present title in the land. It grants only the right to do certain things thereon and to take certain mineral substances therefrom". Construing the instrument, the court further held there was no intention to grant a general right, and that the design was to give only sufficient rights to enable the lessee to carry out the object of the instrument, the production of gas and oil. The case involved the right of a subsequent and separate lessee of the owners to lay a pipe line across the land. As to that the court holds that if a pipe line laid by such a subsequent lessee did not affect the operations of the original lessees under their lease, the latter had no right to complain or interfere therewith. Since the right of the subsequent lessee could come only from the owners, it follows that in the absence of the subsequent lease the owners could have laid the pipe line under and subject to the same legal principles. In *Smith* v. *United Crude Oil Co.*, 50 Cal. App. 466, 469 [195 Pac. 434], following a trial after the Supreme Court decision, *supra*, the right to recover for the use of a part of the land by the lessee for a purpose not specified in the lease was denied for the reason that to do so would allow a recovery for something to which the lessor was not entitled.

In the case before us, as in the Brookshire Oil Company case, there was no demise, lease or letting of the lands such as would vest in the lessee title in the land, but merely the granting of the right to do the things specified in the lease. And as to those portions of the land not used by the lessee for the doing of the things thus specified, the lessors had the right to use the land themselves. When, therefore, appellant used those portions for purposes alien to the lease, he was using that land without authority and not under the lease, and was using that which the lessors had the right to use.

The lessee was not using land which was "let for a particular purpose" for another purpose, and section 1930 of the Civil Code does not apply. The action was properly one to recover the reasonable value for use and occupation.

Appellant specially demurred to the complaint because it failed to allege the duration of the use and occupation. The complaint alleged this duration as being "for more than two years last past" and that the reasonable value of the use was $200 per month, and asked judgment in the sum of $2,400. Since damages were demanded for only two years, it is immaterial that the use was alleged as having been for more than that period.

The other points raised by appellant are solely applicable to an action within the scope of section 1930 of the Civil Code, and in view of the opinion herein expressed require no further comment.

The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1935.