## SPECK et al. v. COTTONWOOD COAL CO. et al.

### No. 9623.

Circuit Court of Appeals, Ninth Circuit.

Dec. 27, 1940.

Rehearing Denied Feb. 7, 1941.

Joseph C. Cheney and Elwood Hutcheson, both of Yakima, Wash., and Murch & Wuerthner, of Great Falls, Mont., for appellants.

Taylor B. Weir, and Weir, Clift & Bennett, all of Helena, Mont., for appellee Cottonwood Coal Co.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a judgment of dismissal entered upon the granting of a motion to dismiss directed to appellants' complaint.

Appellants and two others own a body of coal land in Montana. The owners other than appellants declined to join in the suit and were made defendants.

In 1928 appellants and their co-owners, as lessors, executed a lease of the property to appellee as lessee. The complaint avers that the lessee, without the consent of the lessors, has transported coal of the lessee mined by it on other property adjoining and adjacent to the leased property and in the vicinity thereof, in which lessors have no interest, upon and through the leased premises, both upon its surface and through its underground tunnels. and passageways and through shafts and tipples below and on the surface of the leased property. The alien coal transported through the mine was of the quantity of 411,878 tons. The reasonable value of the use of the property for such haulage purposes is said to be five cents per ton, in which amount appellee is alleged to be indebted to the lessors.

A copy of the lease is attached to the complaint as an exhibit. By this instrument the lessors "lease, let and demise unto the lessee, its successors and assigns, those certain pieces or parcels of land"—described in part by legal subdivisions and in part by metes and bounds—"for the purpose and with the right and privilege of exploring for, mining, removing and ship-

ping such coal as may be found therein and thereon." The lessee is granted "the right and privilege of full and complete use of said premises, including the surface thereof, and any buildings already erected thereon, and of erecting, making and maintaining on such lands" additional buildings, excavations, roads and other facilities and improvements convenient or useful "for the purpose of exploring for, mining, removing and shipping such coal as may be found upon said lands, and to use the same for dumping grounds" etc. Lessee is "to have and to hold" the premises for a term of 25 years. Rents and royalties are reserved in the amount of 10 cents per ton for each ton of coal mined and removed from the premises. During the first ten years the lessee is obligated to pay in royalty at least $1,250 quarterly whether the tonnage royalty amounts to that sum or not. There is the usual covenant requiring the lessee to conduct its operations in a workmanlike manner and prohibiting it from doing or suffering anything that will hinder the profitable development and use of the property. The lessee is obligated to pay all taxes and assessments upon the demised premises and is given the right to assign or sublet. Lessors reserve the right to inspect the operations as often as they deem necessary.

■ The question presented is a narrow one. The lease does not grant the right to mine by "outstroke", that is by hoisting or removal of ore from an adjoining mine through a shaft or opening in the demised premises. Confessedly appellee's use of the leased property for this purpose was unauthorized. However, no damage to the freehold or reversionary interest is claimed to have resulted. The argument is that appellants are entitled, on the general theory of implied or quasi contract, to recover the reasonable value of the unauthorized use as wayleave rent.

■ Two Montana statutes, copied on the margin,[1] are said to support that proposition. We are unable to see the relevancy of these statutes. The lessee's occupa-

tion cannot properly be described as wrongful.

Another state statute (§ 7735, Revised Codes 1935) provides: "When a thing is let for a particular purpose, the hirer must not use it for any other purpose; and if he does, the letter may hold him responsible for its safety during such use in all events, or may treat the contract as thereby rescinded." This section is found in a chapter which, throughout successive codifications, has been entitled "Hiring In General", and the succeeding chapter is entitled "Hiring Of Real Property—Of Personal Property". The statute was taken from the Civil Code of California, § 1930 (Field Civil Code, § 984). The California statute was later amended in a particular presently to be described. Prior to its amendment the statute was held applicable to the letting of real property. Isom v. Rex Crude Oil Co., 147 Cal. 659, 82 P. 317.

In 1905 the California statute was amended to read: "When a thing is let for a particular purpose the hirer must not use it for any other purpose; and, if he does, he is liable to the letter for all the damages resulting from such use, or the letter may treat the contract as thereby rescinded." Under the amended statute it was held by the Supreme Court, Smith v. United Crude Oil Co., 179 Cal. 570, 178 P. 141, that the owner of real property is not entitled to recover from his lessee rents collected for an unauthorized use, his remedy being for damages to the freehold only. The lease in that case had been granted for the limited purpose of the development and extraction of oil. The court thought that no right of use or occupancy had been reserved to the lessor. In a later disposition of the case on an amended complaint a district court of appeal (Smith v. United Crude Oil Co., 50 Cal.App. 466, 195 P. 434) elaborated upon the original holding and again applied the same principle.

In Lineberger v. Delaney Petroleum Co., 8 Cal.App.2d 153, 47 P.2d 326, a district court of appeal affirmed a recovery of the reasonable value of a lessee's unauthorized

---

[1] "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." Sec. 8686, Rev.Codes of Montana.

"The detriment caused by the wrongful occupation of real property, in cases not embraced in sections 8688, 8694, and 8695 of this code, or provided in the Code of Civil Procedure, is deemed to be the value of the use of the property for the time of such occupation, not exceeding five years next preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any, of recovering the possession." Sec. 8687, Rev.Codes of Montana.

use on the theory, apparently, that there had not been a true demise or lease of the premises. Smith v. Crude Oil Co., supra, was distinguished on that ground.

Here, while the demise was for a limited purpose, the lessors reserved no right of use in themselves. Appellee occupies the property, not under the owners, but to the exclusion of the owners.

In the absence of Montana decisions on the subject we hold, on the authority of Isom v. Rex Crude Oil Co., supra, that the state statute is to be interpreted as applying to a lease of real property. We think also, in line with the prevailing view in California, that the statutory remedy is exclusive. It is unnecessary to consider what measure of recovery ought to be allowed under a statute worded as is the amended section of the California Civil Code. The original statute as found in Montana provides merely that the letter may hold his lessee responsible for the "safety" of the property during the unauthorized use, or he may treat the contract as rescinded. It is clear that a provision so worded does not authorize recovery for use and occupation.

Affirmed.

MATHEWS, Circuit Judge, concurs in the result.